## JOE ERSKINE *v.* THE STATE.

THEFT—EVIDENCE.—In a trial for the theft of a gelding it was in proof that the animal, when taken, was in the care and immediate possession of an agent of the owner. Want of the owner's consent to the taking of the animal was proved by the state, but there was no evidence that the agent did not consent to it. *Held*, that in such a case it is necessary to prove want of consent of both the owner and his agent—of which their own direct testimony would be the best evidence, but which might be proved by circumstantial evidence if such direct testimony could not be obtained.

APPEAL from the District Court of Guadalupe. Tried below before the Hon. JOHN P. WHITE.

The opinion discloses the material facts.

*J. Ireland*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

WINKLER, J.    Several errors have been assigned, as cause for reversal of the judgment rendered in the court below, which have not been considered, and are not passed upon here, further than is mentioned herein, for the reason that their consideration is deemed unnecessary to a decision, in the view of the case taken.

The 2d error assigned—which is substantially the 3d ground set out in the motion for new trial—involves the proposition necessary to a decision, to wit, that the verdict is contrary to the evidence.

Want of consent to the taking was not, in our opinion,

proved. French Smith, the prosecuting witness, says the gelding was running in the pasture of the witness, and was in his management and possession; but he also testifies that "he had gotten one Henry Anderson to feed the gelding."

George Anderson, a witness for the defendant, speaking on the subject, says: "I was then a minor, and feared my father would find that the horse of Mr. Smith had been ridden, and would blame me for it, as my father had this horse, keeping and feeding the horse, for Mr. Smith."

From this testimony we conclude that the man Henry Anderson had the immediate possession of the animal in question, and, in order to establish non-consent to the taking, it devolved upon the state to negative his consent by evidence showing he had not given his consent to the taking of the animal from the pasture of Smith, the owner.

It is held, "when non-consent is an essential ingredient in the offense, as it is here, direct proof alone from the person whose non-consent is necessary can satisfy the rule. You are put to prove a negative, and the very person who can swear directly to the necessary negative must, if possible, always be produced. Other and inferior proof cannot be resorted to until it is impossible to procure the best evidence." 1 Phillips on Ev. 635.

Want of consent, it seems, should be proved by the owner if the property was taken from the immediate possession of the owner; but if the property was taken from the actual possession of another, though a mere servant or child of the owner, that other must be sworn, so that it may appear that the immediate possession was violated: and this, too, without the consent of the person holding it. Id.

These rules have been so far modified, it seems, as that the want of consent may be proved by circumstantial evidence. *Porter* v. *The State, ante* p. 394, decided by this court at the present term, and authorities there cited; and —— v. *The State*, at the Austin term, 1876. But this modification

would not do away with the necessity of proving the want of consent to the taking, by the person whose consent was necessary, by either direct or circumstantial evidence. His consent being necessary to authorize the taking, so as to relieve the party from the consequences of taking without consent, his want of consent might be proved by circumstantial evidence.

Under the rule requiring the best evidence the case admits of to be produced, we think the man Henry Anderson should have been sworn and examined, or the absence of his testimony should have been accounted for. This was not done, or, if done, the record does not show it. We are of the opinion that Henry Anderson had such possession and control of this gelding, under the circumstances detailed in the evidence, as that his consent to the taking, if given, would have screened the taker from liability for the taking, unless the proof shows that the taking was done with the intention of depriving the owner of the value thereof, and, further, that it was done with the intention existing at the time to appropriate it to his, the taker's, own use.

The evidence is not sufficient to establish an intention on the part of the accused to appropriate the animal to his own use. In fact, there is no direct evidence that he took the gelding at all, but rather that, after another had taken it through a mistake, he aided in hunting it up and restoring it to the pasture of the owner.

We find no error in the charge of the court; but because, from the evidence as we find it set out in the statement of facts embodied in the record, we find nothing to warrant the conclusion that the appellant intended to appropriate to himself the animal alleged to have been stolen, we are of opinion a new trial should have been granted, and for this purpose the judgment is reversed and the cause remanded.[1]

*Reversed and remanded.*

[1] White, J., did not sit in this case.