## JOE JACKSON *v*. THE STATE.

1. CONFESSIONS made in arrest are not admissible in evidence unless it be shown that they were voluntarily made by the prisoner after he had been properly cautioned that his statements might be used against him.

2. THEFT — EVIDENCE — CHARGE OF THE COURT. — If, in a trial for theft, the proof shows that the property was taken from the possession of a person holding the same for the owner, it is incumbent on the State to show the want of that person's consent to the taking of the property; and this proof should be made by that person himself, or his absence be accounted for, before resort had to circumstantial evidence to show the want of his consent.    The jury should be instructed that such evidence is necessary, in the state of case indicated, to warrant a verdict of guilty.

3. CHARGE OF THE COURT. — The jury should not be so instructed as to warrant them arbitrarily to select what evidence they will believe.    The charge should leave them free, as the law does, to determine the facts by their own mode of reasoning upon the evidence.

APPEAL from the District Court of Kaufman.   Tried below before the Hon. G. J. CLARK.

The opinion sufficiently indicates the case.

*Grubbs & Morrow*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.   The testimony of the witness Snow was improperly admitted against the defendant in the court below, over objection by the defendant's counsel, for the reason that it is made to appear that the defendant was under arrest and in restraint, and it not appearing that the admissions of the defendant to the witness were voluntarily made after the defendant had been properly cautioned that his statements might be used against him on his trial. Code Cr. Proc., art. 750.

The court was asked to charge the jury to the effect that want of consent both of the owner and of the party holding the horse for him was necessary proof on the part of the State, in order to authorize a verdict of guilty against the defendant.   It was in proof that the owner had left the animal charged to have been stolen in the possession and control of one Price.   One part of the definition of the crime of theft is that the property was taken from the possession of the owner, or *from the possession of some person holding the same for him*.   Penal Code, art. 724.   It was important that it be shown that the person who was shown to have had the actual possession of the animal had not given his consent to the taking, and that the jury should have been so instructed.   The testimony of this witness should have been produced, or his absence accounted for, before resorting to circumstantial testimony to establish the want of his consent.   *Erskine* v. *The State*, 1 Texas Ct. App. 405.

The court in its general charge instructed the jury as

follows: "When there is a conflict in the evidence, it is the duty of the jury to reconcile it, if it can be done; but if the evidence cannot be reconciled, then it is for the jury, after considering and carefully weighing all the facts and circumstances in proof before them, to give credit to such witnesses or set of witnesses as appear to the jury most ,worthy of belief." This charge was erroneous, because it allowed the jury arbitrarily to believe or disbelieve any witness or set of witnesses. Matters of this nature should be left by the charge of the court just where the law places them. It is the duty of the judge to state plainly the law of the case, and he is not permitted to discuss the facts or use any argument in his charge calculated to arouse the sympathies or excite the passion of a jury. Code Cr. Proc., art. 678. The jury are the exclusive judges of the facts in every criminal cause (art. 676); and they should not be further instructed by the court, as they are more likely to reach a correct conclusion by their own modes of reasoning than by any further rules given them by the court.

These errors were properly saved at the trial, and are sufficiently set out in the transcript to require their consideration; and for these errors the judgment must be reversed and the case remanded.

*Reversed and remanded.*