[No. 1390.]

## DANIEL BOWLING v. THE STATE.

1. PRACTICE—VENUE—NEW TRIAL.—Proof of the venue of the offense is essential to the legality of a conviction. And where it appears that the absence of such proof was insisted upon below as a ground for new trial, the new trial will be granted here.
2. THEFT—EVIDENCE.—Where one person owns the property, and another person has the control, care or management of it, the want of the consent of each of these persons must be proved; and this proof should be made by the persons themselves if they are attainable, and if they are not to be had, their absence should be accounted for before the State can resort to circumstantial evidence. See this case in illustration.

APPEAL from the District Court of Washington. Tried below before the Hon. I. B. McFarland.

The conviction was for the theft of a horse, the alleged property of C. C. Dulin, and a term of twelve years in the penitentiary was the penalty imposed.

The opinion discloses the entire case.

No brief for the appellant has reached the Reporters.

*O. S. Eaton*, for the State.

WILLSON, J. There was a failure to prove the venue of the offense either directly or circumstantially. It is shown by the evidence that defendant had the horse in possession at Eli Randal's house, but it is not shown that this place was in Washington county. It is also shown that he had the horse in Colorado county. There is a total want of evidence to connect defendant with the theft of the horse in Washington county. This defect in the evidence was prominently called to the attention of the court below, and insisted upon in the defendant's motion for a new trial, and upon this ground the motion for new trial should have been granted. (Clark's Cr. Laws of Texas, page 357, Note 138; *Cross* v. *The State*, 11 Texas Ct. App., 84; *Dreyer* v. *The State*, 11 Texas Ct. App., 503; *Pippin* v. *The State*, 9 Texas Ct. App., 269; *White* v. *The State*, Id., 390; *Perry* v. *The State*, Id., 410.)

There is another deficiency in the evidence in this case, as it is presented to us in the record.   C. C. Dulin was the owner of the horse alleged to have been stolen.   He had loaned the horse to R. A. Dulin, and R. A. Dulin had placed the horse in Amsler's wagon yard, from which place the horse was missing.   It is proved that the horse was taken from the wagon yard without the consent of C. C. Dulin, the owner, but there is no evidence negativing the consent of R. A. Dulin, or the person holding possession of the horse, to the taking.

"Where one person owns the property, and another person has the management, control or care of it, the want of the consent of each of these persons must be proved; and this proof should be made by the persons themselves if they are attainable, and if they are not to be had, their absence should be accounted for before the State can be allowed to resort to circumstantial evidence." (*Wilson* v. *The State,* 12 Texas Ct. App., 481, and cases there cited.)

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Opinion delivered January 13, 1883.