## DENNIS BURKE V. THOMAS CLIXBY.

*Deed—Bill to, correct description—Boundary.*

The only question in dispute in this case was the location of a boundary line, and the decree of the court below fixing it is affirmed.

Appeal from Wayne. (Hosmer, J.) Argued April 12, 1889. Decided June 21, 1889.

Bill filed to correct the description in a deed. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Palmer & Palmer,* for complainant.

*James H. Pound,* for defendant.

CHAMPLIN, J. The bill is filed to correct the description in a deed executed about the eighth day of February, 1877.

Burke and Clixby had for several years prior to 1877 been in partnership in the manufacture and sale of brick. They

had purchased and jointly owned lots 10 and 11 of part of private claim No. 719, platted into lots by Colin Campbell in 1866 as part of the estate of Edward Martin. On the westerly side of the plat, extending past the lots in question, is a right of way 30 feet wide. Lots 10 and 11 are each marked upon the plat as containing five acres, the exterior lines being marked as 440.22 feet by 495 feet. There can be no doubt but that the right of way is included in the area of the lots.

The township authorities, after the platting, laid a highway along the westerly side of the plat 66 feet in width, the center line whereof was the westerly boundary line of the plat, which road is known and called the "Martin Road."

The parties carried on their partnership business on lots 10 and 11, and had erected buildings and sheds thereon. Mr. Burke occupied a house located on lots 10 and 11. Upon the dissolution the firm were unable to agree upon a division of the clay-beds and other property, and they amicably agreed upon Messrs. John Greusel and Conrad Clippert to make a division for them. Upon looking the matter up they found that Mr. Burke had put into the partnership more money than Mr. Clixby had, and, to compensate him for that, they awarded and the parties agreed that Mr. Clixby should give to Mr. Burke a deed of an undivided acre of land where Mr. Burke's house stood. They measured from the southerly line of lot 11 northerly, along the east line of the Martin road, 411 feet, and stuck a stake in the easterly side of the road as a starting point, and the acre was to be 130 feet wide, and extend far enough northerly along the easterly side of the Martin road to make one acre of land.

Burke immediately caused a survey of the acre tract to be made, and the surveyor employed furnished a description, as follows, viz.:

"Beginning at a stake standing in the easterly line of the Martin road (so called), 411 feet from the southerly line of lot number eleven (11), of the north-east part of private

claim number 719, according to the recorded plat thereof in the register of deeds' office for the county of Wayne, in Liber 1 of Plats, page 163, on a course of north, 31 degrees west; thence along the easterly line of the Martin road north, 31 degrees west, three hundred and thirty-five feet, to a stake; thence north, 59 degrees east, one hundred and thirty feet, to a stake; thence south, 31 degrees east, three hundred and thirty-five feet, to a stake; thence south, 59 degrees west, one hundred and thirty feet, to the place of beginning."

He then caused to be prepared a warranty deed, intending to embrace therein the above description, but the scrivener by mistake omitted the north and east courses and distances, and said deed contained the following description:

" Beginning at a stake standing in the eastern line of the Martin road (so called), four hundred and eleven (411) feet from the southern line of lot number eleven (11) of the north-east part of private claim number 719, according to the recorded plat thereof in the registry of deeds for the county of Wayne, in Liber 1 of Plats, page 163, on a course of north, 31 degrees west (and being 33 feet east of the western line of said lot 11); thence along the eastern line of the Martin road north, 31 degrees west, 335 feet, to a stake; thence south, 59 degrees west, 130 feet, to the place of beginning, containing one acre."

.The deed was executed on the eighth of February, 1877, by defendant, Clixby, and wife, and delivered to complainant.

The lot was staked out by the survey, and has been fenced and occupied by complainant and his grantees ever since.

The mistake was not discovered until a short time before the bill was filed. The defendant was requested to execute another deed to correct the mistake, and he refused to execute a deed making the west boundary the east line of the Martin road, but signified his willingness to execute a deed of one acre, making the center line of the Martin road the west boundary.

The only dispute between the parties is whether the west boundary of the acre should be the west line of the plat,

which is the center of the Martin road, or the east line of the Martin road.

The court below decreed that the east line of the Martin road was the correct line, according to the agreement and intent of the parties, and we are satisfied beyond a doubt that the circuit court was correct.

The decree of the circuit court must be affirmed, with costs of this Court.

MORSE and CAMPBELL, JJ., concurred. SHERWOOD, C. J., and LONG, J., did not sit.