JOHN R. PERRY v. STATE OF NEBRASKA.

FILED APRIL 4, 1895.     No. 7447.

1. **Criminal Law:** NAMES OF STATE'S WITNESSES. When the
   surname and the initials of the Christian name of a witness ap-
   pear upon an information in a criminal prosecution, it is a suffi-
   cient compliance with the statute requiring the names of the
   state's witnesses to be indorsed upon the information before trial.

2. **Larceny:** EVIDENCE. In a prosecution for larceny, if the owner
   of the property alleged to have been stolen is examined as a wit-
   ness upon the trial, his testimony that he did not consent to the
   taking of the property is indispensable to a conviction.

ERROR to the district court for Fillmore county. Tried
below before HASTINGS, J.

*Farrington Power* and *John C. Martin*, for plaintiff in
error.

*A. S. Churchill, Attorney General,* for the state.

NORVAL, C. J.

An information was filed by the county attorney in the
district court of Fillmore county, charging John R. Perry,
the plaintiff in error, with the larceny of a buggy of the
value of $50, the property of one John W. Frantz. Upon
the trial of the prisoner a verdict of guilty was returned, and
he was sentenced to the penitentiary for the period of one
year and to pay the costs of the prosecution, taxed at $228.68.

It is contended that the court erred in permitting Albert
F. Herriot to testify as a witness on behalf of the state,
for the reason that his full Christian name was not indorsed
upon the information, his initials and surname alone being
thereon indorsed. The statute, section 579 of the Criminal
Code, requires that the names of the state's witnesses in a
criminal prosecution must be indorsed upon the information

before the trial.    Strictly speaking, the name of a person consists of his given and surname, yet we are unwilling to hold that the full Christian name of the witness must be indorsed on an information, although the better practice is for the county attorney to do so.    Where the witness' surname and the initials of his Christian name appear upon the information it is a sufficient compliance with the law. Initials only for the given name are frequently used both in official and business transactions, and to declare that when such initials are employed it is no name would be a harsh rule.    Such a construction would invalidate an information signed by the county attorney by the initials of his Christian name.    It has been held that where an officer in signing the jurat to the verification of an information in a criminal case gave the initials only of his Christian name, it is a sufficient signing. (*Rice v. People*, 15 Mich., 9.    See *Fewlass v. Abbott*, 28 Mich., 270.) The objection to the examination of the witness Herriot is not well taken, and is overruled.

The next assignment of error is that the verdict of guilty is not supported by sufficient evidence.    The only testimony in the case was that given on the part of the prosecution, and it is urged that it does not show that the buggy in question was stolen, or taken without the consent of the owner.    It is an elementary rule in criminal law that it is indispensable to the commission of larceny that the property alleged to have been stolen should have been taken against the will of the owner, and it is incumbent upon the state in such a prosecution to establish that fact before a conviction can be had.    Does the proof show that the buggy was taken against the consent of the owner?    The question must be answered in the negative.    From the evidence returned in the bill of exceptions it appears that the prosecuting witness, John W. Frantz, at the time of the alleged theft resided in Fillmore county; that on July 29, 1894, he went to Geneva, the county seat, in his buggy,

arriving about 6 o'clock in the evening; that he tied his horse to the hitch rack in one of the principal streets of the city, the horse being attached to the vehicle; that about 10 o'clock of the same evening he returned to the place where he had left his rig and discovered that his horse was unhitched from the buggy and the latter was gone; that some five weeks thereafter the vehicle was found in the possession of the plaintiff in error; that the buggy was worth from $40 to $50. There is an entire lack of competent evidence in the case before us proving, or tending to establish, a want of consent to the taking of the buggy in dispute, on the part of Mr. Frantz, the owner. Although Mr. Frantz was called and examined as a witness by the state he was not interrogated, nor did he testify upon the point, whether or not he gave his consent or permission to the taking of the property. So far as the testimony in the record discloses, the buggy may have been taken by the permission of the owner, or under a claim of title, or under circumstances which repel all presumptions of felonious intent. Mr. Frantz being in attendance upon the trial as a witness, his testimony that he did not consent to the taking of the buggy was necessary to a conviction. The reason for the rule is that his testimony is the best evidence of the fact, and secondary evidence is allowable only when the primary or best evidence is not attainable.

In 1 Phillipps, Evidence [5th Am. ed.], note 183, section 635, it is said: "In all cases, but especially in this, the larceny itself must be proved by the best evidence the nature of the case admits. * * * This should be by the testimony of the owner himself, if the property was taken from his immediate possession, or if from the actual possession of another, though a mere servant or child of the owner, that other must be sworn, so that it may appear that the immediate possession was violated, and this, too, without the consent of the person holding it. Where non-consent is an essential ingredient in the offense, as it is

here, direct proof alone, from the person whose non-consent
is necessary, can satisfy the rule.   You are to prove a
negative, and the very person who can swear directly to
the necessary negative must, if possible, always be pro-
duced. (*Rex v. Rogers*, 2 Campb. [Eng.], 654; *Williams
v. East India Co.*, 3 East [Eng.], 192, 201.) Other and
inferior proof cannot be resorted to till it be impossible to
procure this best evidence.   If one person be dead who can
swear directly to the negative, and another be living who
can yet swear to the same thing, he must be produced.
In such cases, mere presumptive *prima facie* or circum-
stantial evidence is secondary in degree, and cannot be used
till all the sources of direct evidence are exhausted."

This court in *Bubster v. State*, 33 Neb., 663, decided
that in a prosecution for larceny the owner of the property
ordinarily must be called as a witness to prove the taking
of the property was without his consent.   This doctrine is
supported by the following authorities: Rapalje, Larceny
& Kindred Offenses, sec. 135; *State v. Morey*, 2 Wis., 362;
*State v. Moon*, 41 Wis., 684; *Erskine v. State*, 1 Tex. Ct.
App., 405; *Jackson v. State*, 7 Tex. Ct. App., 363; *Wilson
v. State*, 12 Tex. Ct. App., 481; *Bowling v. State*, 13 Tex.
Ct. App., 338.

Because of the insufficiency of the evidence, the judg-
ment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.