### GEORGE WIEGREFE V. STATE OF NEBRASKA.

FILED OCTOBER 22, 1902. No. 12,671.

1. **Larceny: EVIDENCE: VERDICT.** Evidence examined, and *held* sufficient to support a verdict of guilty of larceny, as found and returned by the jury.

2. ———: ———: ———: **JOINT OWNERS: NON-CONSENT.** In the trial of an accused charged with the larceny of property from two joint owners, where one acquainted with the facts and circumstances surrounding the taking testifies thereto, and that the taking was without the knowledge and consent of the owners, and the defendant testifying in his own behalf denies any knowledge of or participation in the alleged larceny,

it can not be, said the evidence is insufficient to support a verdict of guilty on the ground that non-consent is not sufficiently established.

ERROR from the district court for Rock county. Tried below before HARRINGTON, J. *Affirmed.*

*R. R. Dickson* and *J. S. Davisson,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown* and *William B. Rose,* for the state.

HOLCOMB, J.

The plaintiff in error, defendant below, was tried, and by a jury found guilty of the larceny of a two-year-old heifer, and by the court sentenced to imprisonment in the penitentiary for two years. He prosecutes error to have the record of his conviction reviewed, and the judgment reversed. The only question presented for our consideration is the alleged insufficiency of the evidence to support the verdict of guilty returned by the jury. The argument in support of this contention is presented in a two-fold aspect: First, it is claimed that the evidence will not support a verdict of guilty of the offense charged in the information; and, second, because the property alleged to have been stolen belonged to two joint owners, one of whom only was called as a witness, it is insisted the evidence will not warrant a conviction, when the other joint owner was not called to prove that the property was taken without his knowledge or consent, or in other words, that non-consent is not sufficiently established by the evidence.

Regarding the alleged insufficiency of the evidence generally, it is disclosed by the record that the state prosecuted on the theory that the defendant and one Pope committed the larceny while Pope was removing his cattle from defendant's herd and range, where they had been kept for the summer season by the defendant. To sustain its charge, the state called Pope and his son, a lad of fifteen years of age, who testified to facts regarding the

taking of the animal alleged to have been stolen, which, if believed by the jury, warranted the inference that the defendant and the elder Pope were both guilty of the larceny. Pope, it appears, had already pleaded guilty to the charge. To meet the testimony of the character mentioned, the defendant and his wife were called as witnesses, and testified to a contrary state of facts, the substance of which was that the animal claimed to have been stolen was not with or a part of defendant's herd, or the cattle in his possession, at the time Pope removed those belonging to him. We are asked to say that the testimony of Pope and his son is untrue, and that the defendant's version of the transaction is the correct one. This we can not do without denying to the jury, as triers of fact, the right to judge of the weight and credibility to be given the testimony of the different witnesses. It is for the jury, and not the court, to say who of the different witnesses were testifying truthfully, and who were in error. Whether it be an accomplice, or a witness in his ordinary capacity as such, it is for the jury to determine, after a careful examination of all the evidence, the truth of the matter in controversy; and a conviction may rest on the uncorroborated testimony of an accomplice, if, when considered with all the evidence in the case, it satisfies the jury beyond a reasonable doubt of the guilt of the accused. *Olive v. State,* 11 Nebr., 1; *Lamb v. State,* 40 Nebr., 312; *Lawhead v. State,* 46 Nebr., 607, 611. Where the testimony is conflicting, the credibility of witnesses and the weight to be given their testimony is a matter for the jury to determine, and, when it is convinced beyond a reasonable doubt of the defendant's guilt, it is not for a reviewing court to say that it must also be convinced from the record beyond a reasonable doubt before the verdict can be upheld. *Palmer v. People,* 4 Nebr., 68; *Schlencker v. State,* 9 Nebr., 241; *Carleton v. State,* 43 Nebr., 373.

On the other phase of the question, it appears that one of the partners or joint owners of the property claimed to have been stolen testified positively and directly that the

property was taken without the knowledge or consent of the owners. He was at the time looking after the business of the firm, had control of their cattle, and was acquainted with the facts and circumstances surrounding the transaction. The other joint owner was not called as a witness, nor do we regard it as necessary, in order to make out a prima-facie case on the part of the state, in showing that no consent was given to the defendant or to any one to take the animal. In any view we may take of the subject, there was positive evidence of non-consent. All the circumstances surrounding the alleged larceny were inconsistent with a taking with the consent of the owners; and want of consent may be inferred from circumstances shown in evidence, as well as by direct testimony that none was given. *Rema v. State*, 52 Nebr., 375, 382. In this case the defendant and his wife took the stand in his own behalf, and denied any knowledge of or participation in the alleged offense, and thus eliminated, so far as he was concerned, the question of non-consent. His theory was that he had no connection with the matter whatever, and it seems reasonably clear from consideration of the entire record that the evidence can not be said to be insufficient to support a verdict because non-consent is not shown. The evidence justifies the inference that the taking was felonious.

The judgment should be, and accordingly is,

AFFIRMED.