# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota.

## STATE v. BJELKSTROM.

In a prosecution for larceny, where it is shown that the property stolen was in possession of the owner's agent, the fact that the taking was without the owner's consent may be shown by testimony that it was without the knowledge or consent of the agent, and by confessions of defendant, and the owner himself need not be called to testify to his nonconsent.

In a prosecution for larceny, an instruction that the information charged defendant with having taken a colt from the complaining witness, who was the owner's agent, whereas in fact the information did not so charge, was not prejudicial, where the evidence all showed that the colt was in the possession of the owner's agent when it as taken.

In a prosecution for larceny of a colt, a charge telling the jury that they were acquainted with the situation in the country, and the manner of procedure in relation to stock, and the character of the business, and the way stock was handled, and that they had an opportunity to use their knowledge in regard to those matters, was not subject to the objection of authorizing the jury to base their verdict on their own knowledge instead of on the evidence.

In a prosecution for larceny, a charge that "the question for this jury, and probably the main question, will be, who is the owner of this colt?" was not prejudicial, as withdrawing from the jury the questions of intent and mistake on the part of accused, where such questions were fully and clearly submitted to the jury by other portions of the charge, and they were instructed that, if defendant made an honest mistake, he could not be convicted.

Where a sentence imposed in a criminal case is within the maximum limit authorized by the statute, the Supreme Court cannot review the reasons or motives which induced the trial court to fix the length of the term.

(Opinion filed, Aug. 2, 1905.)

Error to Circuit Court, Stanley County. Hon. LORING E. GAFFY, Judge.

Charles O. Bjelkstrom was convicted of grand larceny, and brings error. Affirmed.

*W. L. Shunk* and *John A. Holmes,* for plaintiff in error. *Philo Hall, Atty. Gen., M. G. Sinon,* and *L. L. Stephens,* for the State.

CORSON, P. J. Upon an information duly filed, the plaintiff in error was convicted and sentenced for the crime of grand larceny, and the case is before us on a writ of error to the circuit court of Stanley county. The plaintiff in error, whom we shall in the future designate as the accused, has assigned numerous errors alleged to have been committed by the court in the admission and rejection of evidence, refusal of the court to direct a verdict in his favor, and in the court's instructions to the jury.

The crime charged in the information is the larceny of a certain colt alleged to be the property of one W. L. Montgomery, and upon the trial it was shown that the colt claimed to have been stolen was taken from the possession of Montgomery's agent, one Livingston, who seems to have had charge of a number of horses and colts belonging to Montgomery, kept on a ranch in Stanley county; and it appears from the evidence of Livingston himself that Montgomery was the owner of the property, and resided in Chamberlain, in Brule county. Montgomery was not introduced as a witness on the trial, and the proof of the alleged taking and ownership was proven by said Livingston and by the admissions of the accused. Upon the conclusion of the evidence on the part of the state, counsel for accused moved the court to direct a verdict in his favor on the ground that the non-consent of the owner to the taking of the property had not been proven; and this motion was renewed at the close of the defendant's evidence, and at the close of the evidence in rebuttal, and denied.

It is strenuously contended by the accused that in the absence of such proof by Montgomery, the owner of the property, that he had not consented to the taking, he was entitled to an acquittal. This contention is clearly untenable. The property was shown to have been at the time of the taking in the possession of the agent, Livingston, and that it had been in his possession for several months prior thereto as the agent of Montgomery, and that the property was taken from his possession without his knowledge or consent. And one Orville La Plant, a witness on the part of the state, testified that he heard a conversation in regard to the colt between the accused and Livingston, in which the accused said, "I stole this yearling to get even with you." There was other testimony of the same character, which was, in our opinion, amply sufficient to warrant the jury in finding that the property was taken by the accused without the consent of its owner, Montgomery. The nonconsent of the owner may be proved by circumstantial evidence or by admissions or confession of the accused. Van Syoc v. State, 96 N. W. 267; Bubster v. State, 33 Neb. 663, 50 N. W. 953; Perry v. State, 44 Neb. 414, 63 N. W. 26; Rema v. State, 52 Neb. 375, 73 N. W. 474; People v. Jacks, 76 Mich. 218, 42 N. W. 1135; Wilson v. State, 45 Tex. 76. In Van Syoc v. State, supra, the Supreme Court of Nebraska says: "An instruction was given the jury which was excepted to on the ground that it permitted the finding of nonconsent on the part of the owner to the taking of the property alleged to have been stolen from circumstances shown in evidence, and not by any direct proof. The instruction was proper. The owner, it was shown, was at the time lying on his deathbed, and wholly unconscious of what was passing around him. As was said in Weigrefe v. State, 92 N. W. 161; 'All the circumstances surrounding the alleged larceny were inconsistent with a taking with the consent of the owners, and want of consent may be inferred from circumstances shown in evidence as well as by direct testimony that none was given.' See, also, Rema v. State, supra." Of course. the jury must be satisfied beyond a reasonable doubt that the property was taken by the accused without the consent of its owner; and where, as in the case at bar, the property was taken from the pos-

session of the agent, proof that it was taken without his consent, in connection with other evidence that satisfied the jury that the property was taken without the consent of the owner, is sufficient, without calling the owner as a witness to prove the fact of his nonconsent. We are of the opinion, therefore, that the court committed no error in refusing to direct a verdict in favor of the accused.

It is further contended by the accused that the court erred in its instructions to the jury, one of which was as follows: "This information charges that the defendant, Bjelkstrom, in this county and state, on or about the 15th day of June last, did, by fraud or stealth, take, steal, and carry away one certain colt then and there of the value of $20, with intent to deprive the owner thereof; the same colt being then and there the property of one Montgomery, and in charge of the complaining witness, John Livingston." The court undoubtedly committed a slight error in stating that it was alleged in the information that the property claimed to have been stolen was "in charge of the complaining witness, John Livingston," as the last-quoted words were not in the information. The court, in making this statement, was evidently stating the substance of the information and the claim made on the part of the state, and we fail to see in what respect the accused sustained any prejudice by reason of this erroneous statement. It was not necessary to allege this fact in the information, and the statement of the court to the jury that this fact was stated therein certainly could not constitute prejudicial error, as the evidence in the case all tended to show that the property, though the property of Montgomery, was in the possession of Livingston at the time it was taken.

The following portion of the charge of the court is also excepted to and assigned as error: "You also have the advantage in this case, gentlemen of the jury, of being men who are acquainted with the situation in this country, and the manner of procedure in relation to stock in all these little details which go to form your general knowledge of the character of the business and the way property like this is handled; and it gives you an opportunity to use your knowledge in regard to these matters to better advantage than it would a person who was not acquainted, in judging the rightful

owner of this property." It is contended by the accused that under this instruction the jury were authorized to base their verdict on matters of their own knowledge, and not on the evidence in the case; but, in our opinion, this contention is not tenable, as the charge of the court was simply calling the jurors' attention to the fact that, with their knowledge of the system of conducting the business of raising horses in this country, they were better able to weigh and consider the evidence in the case than could jurors who were less familiar with the manner of conducting the business. Certainly there is nothing in this part of the charge which indicates that the jurors were to disregard the evidence, or to decide the case upon their own knowledge independent of the evidence.

It is also contended by the accused that the court erred in giving the following instructions: "It is claimed on the part of the state that the defendant on or about that date, in this county and state, took this property and appropriated it to his own use by fraud or stealth, with intent to deprive the owner thereof. I will say to you that the placing of one's brand upon property, and taking the property into his possession and putting it in his pasture, is *prima facie* evidence that he intends to appropriate it and has appropriated it. So the question for this jury, and probably the main question, will be, who was the owner of this colt?" It is insisted on the part of the accused that this instruction in effect took from the jury the question of intent and the question of mistake on the part of the accused, and thereby invaded the province of the jury. The latter part of the instruction, namely, "So the question for this jury, and probably the main question, will be. who was the owner of this colt?" standing alone, may be conceded to be erroneous; but read in connection with other portions of the charge subsequently given to the jury, it is clear that this apparent error could not have in any manner prejudiced the rights of the accused. In subsequent portions of the charge the court instructed the jury as follows: "If you find beyond a reasonable doubt that the colt belonged to Montgomery, and was in charge of the complaining witness, and that the defendant took it, and placed his brand upon it and took it into his possession, and if you find that he took it with intent to deprive the

owner thereof, and you find all these things beyond a reasonable doubt, your verdict will be that the defendant is guilty as charged; but, if you have a reasonable doubt as to whether the horse belonged to him, you will give the defendant the benefit of that doubt, and acquit him. * * * If you find from the evidence that there is an honest mistake in this case, you will say who has made the mistake. If the defendant claimed this horse through an honest mistake, he could not be held guilty of the crime charged, or of any other crime; but, if the colt is not his, you will say from the testimony whether he made an honest mistake. If he did, he could not be convicted. If the colt wasn't his, and he took it willfully, without knowing it to be his or honestly believing it to be his, and took it in manner and form described, then he would be guilty." It will thus be seen that the question of intent on the part of the accused, and the question of whether or not there was a mistake on the part of the accused, was fully and fairly submitted to the jury, and they were instructed that, if the accused made an honest mistake, he could not be convicted. Reading, therefore, the portion of the charge excepted to in connection with the portions of the charge we have quoted, shows clearly that the apparent error in the charge excepted to was cured, and that no reversible error was committed by the court. Other exceptions were taken to the charge of the court, but, after a careful examination of them, we are of the opinion that these exceptions have not sufficient merit to require special discussion at this time.

It is further contended by the accused that the court, in its remarks made at the time it rendered judgment in the case, proves conclusively that the court not only sentenced the accused for the crime charged in the information, but also for the crime of perjury. The language of the court is as follows: "If you deem the sentence severe in this case, you may attribute about one-half of it to the perjury you have committed in this trial." It is to be remembered that these remarks of the judge were made after the verdict of the jury was rendered, and after their duties had ended. The Legislature has deemed it proper, in authorizing the court to pronounce sentence in nearly all criminal cases, to fix a maximum and minimum limit of such sentence, evidently for the purpose of enabling the court, in

pronouncing such sentence, to take into consideration all the circumstances of the case, and to fix such a term as, in his judgment, is proper, in view of such circumstances. In fixing the term for grand larceny the Legislature has fixed a maximum of five years, leaving the court to exercise its discretion within that limit. The term is fixed by the court in this case at three years—two years less than the maximum limit. In exercising the discretion, therefore, which is vested in the court, the reason or motive for fixing the length of any particular term is not a subject of review in this court. While courts are not usually as frank in stating the reasons that induce them to fix the sentence at any particular term as the court in the case at bar, they undoubtedly frequently act upon such considerations, and give longer or shorter sentences as, in their opinion, are justified under all the circumstances of the case, and the manner in which the accused has conducted himself during the trial. So long, therefore, as the sentence is within the time limited by statute, if the judgment of the court is otherwise legal, the judgment must be affirmed.

The counsel for the accused has assigned as error several rulings of the court in the admission and rejection of evidence, and argued the questions relating to the same at considerable length both in their brief and oral argument, but it must suffice to say that we are of the opinion that the contention of the accused that the court committed error in these rulings is untenable. To take up and discuss these several alleged errors would, in our opinion, serve no useful purpose, and hence such a discussion is omitted.

Finding no error in the record, the judgment of the court below is affirmed.