## POE v ARCH.

A complaint alleging that on or about September 1, 1903, plaintiff being unmarried, at defendant's request, promised to marry defendant, and at various times thereafter, about August 1, 1907, and on August 1, 1908, and on May 5, 1908, defendant renewed h_s promises to marry plaintiff in the near future; that plaintiff, relying on such promises, had remained unmarried, and was still ready and willing to marry defendant, of which he had notice; that plaintiff at various times between May 5, 1908, and February 11, 1909, requested defendant to marry her, but he had failed and still fails and refuses to carry out the contract, although a reasonable time had elapsed therefor prior to the commencement of the action; that plaintiff by reason of such failure had been subjected to great mental anguish and bodily suffering, and had been damaged in body, and mind and character, in the sum of $15,000—stated a cause of action and was not demurrable for want of facts.

Where, in an action for breach of marriage promise, there was no direct evidence, but slight circumstances, indicating that plaintiff had given birth to a child, and that defendant was the father, evidence of a conversation between plaintiff and defendant as to the child when they were discussing the question of marriage was ad-

missible as throwing light on the reasonableness of the direct testi-
mony of the parties on the issue of marriage promise, which was
in direct conflict.

The conduct of counsel and parties during a trial are matters
so peculiarly within the supervision and discretion of the trial court
that the Supreme Court will not grant a new trial by reason thereof,
unless it clearly appears that there has been an abuse of discretion.

In an action for breach of marriage promise, plaintiff during the
argument of her counsel fainted, and was carried to an adjoining
room, and there during the fainting spell exclaimed, "O, my baby
darling!" The argument of counsel proceeded without interruption.
Held, that the court did not abuse its discretion in refusing defend-
ant a new trial on account of such occurrence.

During the argument of counsel, it was not error for the
judge to leave the bench and go to an adjoining room, where plain-
tiff had been taken in a fainting condition; there being nothing
to show that the judge was at any time out of hearing of the pro-
ceedings and conduct of the trial, or where he could not instantly
have controlled any improper conduct on the part of counsel or
others.

(Opinion filed October 12, 1910.)

Appeal from Circuit Court, Sanborn County. Hon. FRANK
B. SMITH, Judge.

Action by Annie Poe against Charles Arch. From a judgment
for plaintiff, defendant appeals. Affirmed.

*Preston & Hannett,* for appellant. *L. L. Lawson* and *J. E.
Whiting,* for respondent.

McCOY, J.    The plaintiff, who is the respondent, in her
complaint, in substance, made the following allegations: That on
or about the 1st day of September, 1903, the plaintiff being then
unmarried, at the request of the defendant, entered into a con-
tract of marriage with the defendant, whereby he, the defendant,
for and in consideration of mutual love and affection promised
plaintiff herein that he would marry her; that the defendant at
various times thereafter and more especially about the 1st of
August, 1907, renewed the said promise and agreement of mar-
riage, and again promised plaintiff that he would marry her on
or about the 1st day of August, 1908, and again, on the 5th day
of May, 1908, defendant promised plaintiff that he would marry
her in the near future: that the plaintiff, relying on said promise

of defendant, has always remained sole and unmarried, and has been and still is ready and willing to marry the defendant, to all of which he has had due notice; that the plaintiff herein has at various times between the 5th day of May, 1908, and the 11th day of February, 1909, requested the defendant to marry her, but the defendant has failed and still fails and refuses to carry out the contract of marriage, although a reasonable time has elapsed since said promise and before the commencement of this action; that the plaintiff by reason of the failure of the defendant to carry out the promise of his contract of marriage has been subjected to great mental anguish and bodily suffering, and has been damaged in body and mind and character in the sum of $15,000. The defendant denied generally the allegations of said complaint, and also affirmatively alleged that about the month of December, 1908, for the purpose of avoiding litigation, he had paid to the plaintiff the sum of $175 in full payment, satisfaction, and settlement of all claims against this defendant for damages alleged to have been sustained by her growing out of and on account of the alleged promise of defendant to marry plaintiff. The trial of the issues resulted in a verdict and judgment in favor of plaintiff for the sum of $5,000. At the commencement of the taking of testimony on the trial, the defendant objected to the introduction of any evidence, on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The objection was overruled, and the defendant excepted. This ruling of the court is assigned as error. We are of the opinion that the ruling of the court was correct.

It appears that plaintiff has a small child, who has been referred to in the evidence as Arthur C. Arch. While there is no direct evidence as to who is the father of the child, there are some slight circumstances tending to show that defendant is the father. For some reason not disclosed by the record, both parties had very little to say in regard to the paternity of the child. In a case of this character, where the testimony of plaintiff and that of defendant is in direct conflict with each other upon the question as to whether or not defendant promised to marry plaintiff,

and which is the only testimony directly bearing upon that issue, the jury would have the right to take into consideration all the probabilities of the story told by each in the light of all the surrounding circumstances and in the light of the conduct of both parties to each other, and whether or not plaintiff was the mother of the child, whether by defendant or not, would be a surrounding circumstance that might have some bearing upon the probability as to who was testifying truthfully and who not, irrespective of the question of damages. We are of the opinion there was no error committed by the trial court in overruling the objections of defendant to conversation had between plaintiff and defendant with reference to the child when they were conversing upon the question of marriage. The fact that there was a child of plaintiff would be a material surrounding circumstance, and any conversation between plaintiff and defendant in relation thereto when conversing upon the subject of marriage, as claimed by plaintiff, would be material as tending to throw some light upon the reasonableness of the direct testimony of the parties.

The defendant also urges that the court erred in instructing the jury that if a married person offered to marry another, and leads the party to believe that he is unmarried, that would be binding upon him, upon the ground that there is no evidence in the case warranting such instruction; but we are of the opinion that such instruction was fully justified by the evidence in the case.

Defendant also urges that the court erred in denying defendant's motion for a new trial on the ground of misconduct of plaintiff in weeping and exclaiming before the jury, during argument of counsel, "O, my baby darling!" whereby defendant was prevented from having a fair and impartial trial, and that defendant was prevented from having a fair and impartial trial by reason of the irregularity of the judge of the court before whom the action was tried. It appears by affidavits on the part of defendant that during the argument of counsel plaintiff fainted and became unconscious, and was carried to an adjoining room in the courthouse, and that during such fainting spell she exclaimed,

"O, my baby darling!" and that during the argument for a few moments the court left the bench and went into the adjoining room where the plaintiff was being cared·for by a physician, but that the argument of counsel proceeded without interruption during his absence. The conduct of counsel and parties during a trial are matters so peculiarly within the supervision and discretion of the trial court that this court will not grant a new trial by reason thereof, unless it clearly appears that there has been an abuse of such discretion, and, as nothing of that character appears from the record, the motion for new trial was rightly denied on the ground of misconduct of plaintiff or misconduct of the court. It is said that a trial judge does not sit upon a bench as a silent and passive spectator of what is going on, but sits to administer the law and guide the proceedings before him, and is vested with a large discretion·in the conduct of the trial of causes, and an appellate court will not interpose to control the exercise of such discretion by a court of original jurisdiction, unless there has been an abuse or a most unwise exercise thereof. 21 Ency. of Pleading & Practice, 975. Allowing members of the family of parties to a suit to sit within the bar and weep during the argument of counsel without restraint was held not to constitute an abuse of judicial discretion. Thompson on Trials, § 208. In State v. Laxton, 78·N. C. 564, where members of the family of the prosecutrix sat within the bar and wept during the argument of the prosecuting counsel, and withdrew when the prisoner's counsel addressed the jury, held, that any action in the matter was within the sound discretion of the presiding judge, and not subject to review in this court. The rule that the trial judge must be present during the argument will not, however, prevent him from changing his seat, or even being in an adjoining room, if not out of hearing of the proceedings, for he is not bound to listen to every word of the argument. The judge must, however, at all times personally be in readiness to assert authority to keep the argument within legitimate limits, and to interpose whenever the conduct of officers of the court, jurors, or spectators may require. 21 Ency. of Pleadings & Practice, 979; State v. Carnagy, 106 Iowa,

483, 76 N. W. 805; Turbeville v. State, 56 Miss. 793. There is nothing in the record in this case to show that the trial judge was out of hearing of the proceedings and conduct of the trial, or where he could not instantly have controlled any improper conduct on the part of counsel or others. The evidence in this case fully justified the verdict, and no prejudice to defendant appears.

Having carefully considered all the assignments of error, we are of the opinion that no reversible error exists. The judgment and the order denying a new trial are affirmed.