## EMERY v. UNITED STATES.

No. 12068.

Circuit Court of Appeals, Eighth Circuit.

April 29, 1942.

Gale B. Wyman, of Deadwood, S. D., for appellant.

George Philip, U. S. Atty., of Rapid City, S. D., John T. Heffron, of Deadwood, S. D., and John P. McQuillen, of Sioux Falls, S. D., Asst. U. S. Attys., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

Clarence Emery was indicted, tried to a jury and convicted, under 35 Stat. 1151, 18 U.S.C.A. § 549, for stealing a cow on the Rosebud Indian Reservation in the State of South Dakota.

His first assignment of error is the denial of his motion for a mistrial, after one of the jurors had fainted during the proceedings. The ailing juror was taken to the adjacent offices of the United States Attorney, by two of his fellow jurors, until he had recovered. After a recess of 15 to 30 minutes, the trial was resumed. On interrogation by the trial judge, the juror declared that he had fully recovered; that, up to the moment that he had become faint, he had heard and comprehended all the testimony; that a·deputy marshal had been present most of the time while he was in the offices of the United States Attorney; and that at no time had any one spoken or attempted to speak to him about the facts of the case. The trial judge then further tested the situation by having the last two questions and answers preceding the recess read to the juror, and the latter declared that he had "got that" before he had fainted.

Defendant moved for a mistrial on. the grounds that it was not sufficiently shown that the juror had understood all. that transpired·prior to his fainting; that the members of the United States Attorney's staff had conversed with the juror during the recess, with no opportunity to defendant or his attorney to be present; and that, at the time the recess was taken, the court had failed to give any admonition to the members·of the jury.

As to the first two grounds, the record satisfies us that the trial court was justified in concluding that the juror had heard and understood all that had transpired up to the moment that he became faint; that he had had no conversation with any member of the United States Attorney's staff during the recess, as defendant's counsel charged, but which the United States Attorney's office declared in open court to be utterly without foundation; that there had been no mention of the case by any one in his presence during the recess; that the incident had in no way affected his qualification as a juror; and that there could be no prejudice to defendant in continuing with the trial. The appraisal of the fortuitous incidents of a trial in relation to an accused's rights is a matter primarily for the judgment of the trial judge in the immediate situation, and, unless there has been such an unwise exercise of his discretion as to amount to an abuse, his action will not be disturbed on appeal. Compare Langer v. United States, 8 Cir., 76 F.2d 817, 827, 828; Christensen v. United States, 9 Cir., 16 F. 2d 29, 30; Massenberg v. United States, 4 Cir., 19 F.2d 62, 64; Poe v. Arch, 26 S.D. 291, 128 N.W. 166, 167.

The third ground of the motion similarly fails to present a question of

prejudicial error, in the circumstances of the case. The record indicates that the jury had been admonished at the beginning of the trial, and that this admonition was re-emphasized when the jury was allowed to separate at the close of the day's trial. Appellant has omitted the form of the admonition from the record, and so we must necessarily presume that it was in due and customary form. It appears, however, that section 34.3649, South Dakota Code of 1939, provides that "The jury must also, at each adjournment of the Court, whether permitted to separate or kept in charge of officers, be admonished by the Court that it is their duty not to converse, among themselves or with any one else, on any subject connected with the trial, or to form or express any opinion thereon, until the case is finally submitted to them." If this statute, which does not appear to have been the subject of construction by the Supreme Court of South Dakota, was intended to have application to temporary recesses of the court as well as to regular adjournments, and if it can properly be asserted that defendant was entitled to the benefit of the statute in this proceeding, which question we need not determine, it would still have to be held that the inadvertent omission to admonish the jury on a brief recess prompted by a juror's sudden illness, where the matter was not called to the court's attention at the time, and where the jury previously in the trial had been properly admonished, and where no prejudice or abuse was shown to have resulted, could not possibly constitute such a substantial error as to require the declaring of a mistrial or the reversal of a conviction. Compare analogously Edward Thompson Co. v. Gunderson, 10 S.D. 42, 71 N.W. 764, 765; State v. Church, 6 S.D. 89, 60 N.W. 143, 145.

The next error alleged is the overruling of defendant's motion for a directed verdict. The principal basis of the motion was that the Government had proved by only one of the members of the partnership, to which the stolen cow belonged, that it had been taken without his consent, and that there was no proof that the other partner "had not given permission to the defendant to butcher the cow". If such proof was necessary as to the other partner, it was sufficiently established for jury purposes by the statement of the accused and circumstances in evidence. The cow had been stolen while it was in the possession of the foreman of the partnership, whose non-consent, as well as that of the member of the partnership who was called as a witness, was clearly indicated. The manner in which the butchering operations were carried on and the hide was concealed were circumstances which the jury might properly find were indicative of non-consent. In addition, defendant had given a signed statement, which was received in evidence, wherein he admitted that the cow was not his, asserted that he did not know to whom it belonged, and referred to it as "hot" beef. All of these facts together were clearly sufficient to entitle the jury to find non-consent on the part of both owners.

In State v. Bjelkstrom, 20 S.D. 1, 104 N.W. 481, 482, the Supreme Court of South Dakota said: "The nonconsent of the owner may be proved by circumstantial evidence or by admissions or confession of the accused. * * * Of course, the jury must be satisfied beyond a reasonable doubt that the property was taken by the accused without the consent of its owner; and where, as in the case at bar, the property was taken from the possession of the agent, proof that it was taken without his consent, in connection with other evidence that satisfied the jury that the property was taken without the consent of the owner, is sufficient, without calling the owner as a witness to prove the fact of his nonconsent." See, also, State v. Faulk, 22 S.D. 183, 116 N.W. 72, 74; Holthus v. State, 138 Neb. 200, 292 N.W. 603, 604; Weigrefe v. State, 66 Neb. 23, 92 N.W. 161, 162.

The general contention is also made that the evidence as a whole is insufficient to sustain a conviction, but there clearly is no merit in this contention. It is unnecessary here to do more than to point out a few of the facts in evidence. The record shows that the cow in question was one of a number of cattle bearing a "lazy F W" brand, that were being run on a ranch adjoining that of defendant. One of these cattle had in some way gotten in with defendant's cattle, and he requested two Indians to help him butcher it. One of the Indians had observed the brand on the left side of the cow, and he later identified the hide by a cut which he had inadvertently made on the right shoulder while they were attempting to remove it

564

from the carcass, and by the fact that they had not undertaken at the time to remove the bone from the tail. The hide had been placed in defendant's car and was later found in a ravine some miles from defendant's home, with the brand cut out. The foreman of the owners of the cow identified the hide by the natural markings of the animal. The other Indian also had identified it at the time the officers were making their investigation. Fresh beef was admittedly found in defendant's possession. He attempted at first to claim that the meat was from one of his own cows, but later gave the officers a written statement admitting that the cow was not his own but had borne the "lazy F W" brand; that the two Indians were innocent in the matter; and that he had done the "engineering" of the deal and did not tell them that "this was a 'hot' beef". Defendant's attempt to escape the effect of this substantial evidence and of other incriminating facts found in the record, which we have not bothered to detail, obviously created questions of credibility, weight and ultimate fact, which necessarily were matters for jury resolution. Neal v. United States, 8 Cir., 114 F.2d 1000, certiorari denied 312 U.S. 679, 61 S.Ct. 448, 85 L.Ed. 1118; Roberts v. United States, 8 Cir., 96 F.2d 39.

■ Appellant's final contention is that the court erred in refusing to give his tendered instruction that the state officers of South Dakota, who had originally undertaken the investigation of the theft, without realizing that an Indian Reservation was involved over which they had no jurisdiction, and who had taken the statements from defendant which were offered in evidence, had no authority as officers to arrest defendant on the Indian Reservation and that the only authority which they therefore had in the situation was that of a private citizen. This instruction was not a statement of any recognized principle as to witness' credibility or of any other rule having relevance to the issues of the case. Besides, defendant's counsel had been permitted to bring out the matters covered by the instruction in his cross-examination of the witnesses, and, if it was proper to emphasize them further, this could sufficiently have been done in his argument to the jury. There could be no possible error in refusing to give the instruction.

The judgment of the trial court must be affirmed.