# STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1869.

IN THE TWENTY-THIRD YEAR OF THE STATE.

PRESENT:

Hon. JOHN F. DILLON, Chief Justice.
"  CHESTER C. COLE,
"  GEORGE G. WRIGHT,  } Judges.
"  JOSEPH M. BECK,

---

## The State v. Osborne.

Criminal law: LARCENY: PROOF OF OWNER'S NON-CONSENT. The rule requiring in a prosecution for larceny the introduction of the owner of the property stolen, in order to prove his non-consent to the taking, does not apply in cases where the property is stolen from a bailee or another holding the possession thereof, or where it is impossible to produce the evidence of the owner, as in case of death

VOL. XXVIII.—2

The State v. Osborne.

or the like.   In such cases the evidence of the bailee or person hold-
ing possession is sufficient, and in case the owner cannot be pro-
duced, the fact of his non-consent may be shown by proper second-
ary evidence.

*Appeal from Delaware District Court.*

SATURDAY, OCT. 9.

DEFENDANT was indicted and convicted of stealing
three head of cattle.   Upon the trial his counsel asked
the court to instruct the jury, that, in the words of the
record, " it was necessary for the prosecution to introduce
the owner of the property to prove non-consent, and, hav-
ing failed to do this, defendant should be acquitted."
This instruction was refused.   After verdict a motion for
a new trial was made, based upon the ground that the
verdict is contrary to the law and evidence, and that the
court erred in refusing to give the above instruction.
Motion overruled, and defendant sentenced to two years
and six months' confinement in the penitentiary.   Defend-
ant appeals.

*House & Heath* for the appellant.

*H. O'Conner,* Attorney-General, for the State.

BECK, J. — The point raised by defendant's counsel is,
that it was necessary, in order to authorize conviction,
under the rule requiring the best evidence the nature of
the case admits, to prove by the owner of the property
non-consent to the taking by defendant.   The instruction
was properly refused.   The rule, as laid down in the
authority cited by defendant's counsel (Cowen and Hill's
notes; Philips Ev. 3d ed. part 1, p. 477), requires the
introduction of the owner of the property stolen to prove
his non-consent to the taking, except in cases where prop-

erty is stolen from a bailee or another holding the possession thereof, or where it is impossible to produce the evidence of the owner, as in case of death, etc. In all such cases the evidence of others, as bailees, etc., from whose possession the property was stolen, is sufficient, and in case the owner cannot be produced, the fact may be shown by proper secondary evidence. Without questioning the soundness of this rule, we are of opinion that the case is not brought within its terms, or rather falls within its exceptions. The record does not contain all the evidence — the bill of exceptions professing to give only the substance of what is pronounced to be the material parts thereof. It, however, discloses the fact that the larceny of the property was proved by the son of the owner who was charged with its care and control. The continued ill health of the owner (a woman) at the time of the larceny and up to the trial is also shown. We are unable to say that these facts did not constitute proper foundation, under the rule, for the admission of the secondary class of evidence.

It is claimed that the verdict is not supported by the evidence. As above pointed out, all the evidence is not embodied in the record; we could not therefore question the correctness of the verdict even though the evidence appeared insufficient. But, on the contrary, what is found in the record satisfies us that the defendant was properly convicted.

Affirmed.