FOWLE vs. THE STATE.

CRIMINAL LAW. *Evidence in larceny.*

1. On trial of an information for stealing lambs and sheep, the owner testified that on a certain morning he missed from his yard animals of the number and character described in the information; and that he had driven them into his yard the night before, and during the night they were taken away. *Held*, that upon this evidence (in the absence of any tending to show consent), the jury might find that the property was taken without the owner's consent.
2. There was further evidence that property like that described in the foregoing testimony was found in defendant's possession a few hours after the taking; that defendant had been in the vicinity of the owner's place about the time of the taking; and that he told persons to whom he offered to sell the property, that he bought it at public auction in a certain place; and persons living in the vicinity of that place testified that there had been no auction there. No evidence was offered by defendant to account for his possession of the property. *Held*, that the evidence was sufficient to sustain a conviction.

ERROR to the Municipal Court of *Milwaukee* County. Information for larceny. The court refused to instruct the

jury, at defendant's request, to return a verdict in his favor. After a verdict of guilty, a motion in arrest of judgment, on the ground that the verdict was not supported by the evidence, was also denied, and judgment rendered against defendant, which is here sought to be reversed.

*James Hickcox*, for plaintiff in error.

For the state, there was a brief by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General.    They contended, 1. That a motion in arrest of judgment does not reach defects in the evidence, but only matters of strict record. 1 Bishop Cr. Proc., 1108, citing 4 Bin., 2287; 1 Ld. Raym., 231; 1 Salk., 77, 315; 1 Sid., 65; Com. Dig., "Indictment," 91, 21.    2. That the evidence here was sufficient.

COLE, J.    In view of the evidence it was surely not error for the municipal court to refuse to direct the jury to acquit the defendant.    He was charged in the information with feloniously stealing and carrying away six lambs and a sheep, on the 27th day of September, of the value, etc., property of William McKay.    It is said that there was no evidence given on the trial from which the jury would be warranted in finding that the property was ever stolen.    The owner, McKay, testified that he missed from his yard, on the morning of September 28, 1877, six lambs and a wether, of the description given by him.    He was sure that he had driven them into his yard the night before, and during the night they were taken away. It seems to us that this was sufficient proof of nonconsent on the part of the owner to the taking and carrying away of the property.

The only reasonable inference that could be drawn from such testimony is, that the taking and carrying away was against the will or without the consent of the owner.    In 2 Archbold's Crim. Pr. and Pl., p. 1196, cited by the learned counsel for the defendant, it is said: " It is, therefore, a very usual way of

Fowle vs. The State.

proving a larceny, to call the prosecutor, or other person in whose possession the goods were at the time they were stolen, and prove when he last saw them in his possession, and when he missed them; then to call some person who can prove that they were in the possession of the prisoner very shortly after they were stolen." This is precisely what was done in this case. The owner proved his possession and when he missed the property. If he was to be believed, it was actually taken from his yard in the night time, under circumstances which would make the taking larceny. Property answering the description of that taken was found in the possession of the defendant (who had been in the vicinity where the theft was committed) on the morning of the 28th, in Milwaukee. From this evidence the jury might well have found that a larceny was committed, and that the defendant was the guilty party. It is noticeable that the defendant did not attempt to account for his possession of the property, or introduce any evidence calculated to rebut the presumption of larceny which would fairly arise from the facts proven. It is true, witnesses to whom he had offered to sell the chattels testified that the defendant said he bought the lambs and wether at public auction. But persons living in the vicinity where he said the auction had been held, testified that there had been no public auction there.

It is further objected that there was no sufficient proof produced to identify the property in the possession of and sold by the defendant with the property alleged to have been stolen. The owner described the lambs taken from his yard as being a cross between Leicester and cotswold — long-wooled sheep; that the lambs came in May; that the wether was a short-wooled, between Leicester and merino; and that the tails of all were trimmed close. This happened precisely to correspond with the description of the property the defendant sold, both as respects the kind and number of lambs and sheep. It seems to us that the evidence as to the identity of the chattels

was ample to carry that question to the jury. The learned municipal judge charged that the jury must be satisfied beyond a reasonable doubt as to the identity of the property missed by McKay with that found in the possession of and sold by the defendant. Indeed, all questions of fact seem to have been fairly submitted upon a charge to which no exceptions were taken. We think that the verdict is fully warranted by the evidence, and that the judgment of the municipal court must be affirmed.

*By the Court.* — Judgment affirmed.