HERMAN BUBSTER V. STATE OF NEBRASKA.

[FILED JANUARY 4, 1892.]

1. **Larceny:** EVIDENCE. In a prosecution for larceny the owner of the property ordinarily must be called as a witness to prove the non-consent to the taking of the property.

2. **Confessions:** INDUCEMENTS OF OFFICER. When from the cross-examination of an officer it appears that he held out inducements to the accused to confess, a confession thereafter made to him is not admissible in evidence.

ERROR to the district court for Douglas county.  Tried below before CLARKSON, J.

*John P. Davis*, for plaintiff in error, cited: Wharton, Criminal Evidence, secs. 623, 625, 632, 673, 862.

*George H. Hastings, Attorney General, contra,* cited, as to the constituents of larceny: Maxwell's Crim. Proc., 360; 1 Bishop's Crim. Law, 567; 2 Id., 758 and note 1; *Chaplin v. Lee,* 18 Neb., 440; *Mead v. State,* 25 Id., 444. As to the confessions: 1 Roscoe, Crim. Ev., 40, 42; 1 Phil., Ev., 397; *Commonwealth v. Galligan,* 113 Mass., 202; *Smith v. State,* 17 Neb., 358; *State v. Grear,* 29 Minn., 221; *State v. Laliyer,* 4 Id., 277; *Priest v. State,* 10 Neb., 393; *Jones v. State,* 13 Tex., 168; *McCullough v. State,* 48 Ind., 109; *Ray v. State,* 50 Ala., 104; *Anderson v. State,* 25 Neb., 550.

MAXWELL, J.

The plaintiff in error was informed against in the district court of Douglas county for the larceny of a buggy of the value of $75, and on the trial found guilty, and sentenced to imprisonment in the penitentiary for one year.

The sole question in this court is the sufficiency of the evidence to sustain the verdict. The buggy, it seems, was found at a paint shop in the city of Omaha, and it is claimed the plaintiff in error took the buggy there to be painted, and that it had been taken feloniously without the owner's consent.

There are two serious objections to this verdict. First: The owner of the buggy, although apparently within reach of the process of the court, was not called as a witness. Her son-in-law, who resides with her, testifies that he did not give his consent, and very freely testifies that his mother-in-law did not. She was within reach of the process of the court, and should have been called as a witness to prove her non-consent.

The rule is very clearly stated in note 183, vol. 1 Phillips on Ev. (4th Am. Ed.) A conviction of larceny ought not to be permitted or sustained unless it appears that the property was taken without the consent of the

owner, and the owner himself should be called, particu-larly in a case like that under consideration, when the acts complained of may be consistent with the utmost good faith. There is a failure of proof therefore on this point. Second—The chief of police of the city of Omaha was called as a witness, and on his direct examination testi-fies in substance that the plaintiff in error confessed to him and that he offered no inducements to secure such confession. On cross-examination, however, he in effect admits that he did hold out such inducements, and his testimony is clearly inadmissible, as also that of Mr. Cusick the policeman.

There is not sufficient evidence to support the verdict and the judgment is reversed and a new trial awarded.

REVERSED AND REMANDED.

THE other judges concur.