## BROWN v. THE PEOPLE.

1. VERIFICATION OF INFORMATION.

The verification to an information by the district attorney, upon information and belief, is sufficient in a case in which there has been a preliminary examination or in which the same has been waived. In other cases it must be by some person whose verification is upon his own knowledge.

2. CRIMINAL PRACTICE—INFORMATION.

It is not necessary in an information, verified by the district attorney upon information and belief, to set out that a preliminary examination had been had. It devolves upon the defendant to support the motion to quash upon this ground to establish the same by showing that such preliminary examination had not been had.

3. PRACTICE—INSTRUCTIONS.

A mere non-direction by the court is not ground for a new trial unless specific instructions good in point of law have been requested and refused.

*Error to the District Court of Las Animas County.*

Messrs. NORTHCUTT & FRANKS and Mr. J. M. McKEOUGH, JR., for plaintiff in error.

THE ATTORNEY GENERAL and Mr. H. T. SALE, of counsel, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

The plaintiff in error was charged in two separate informations with the crime of burglary and grand larceny. The causes were, by order of the court, consolidated and tried as one cause, and plaintiff in error was convicted of the crime of grand larceny upon both charges and sentenced to confinement and hard labor in the state penitentiary for three years. As grounds for the reversal of this conviction he assigns several errors; *first*, that the court erred in overruling his motion to quash the *capiases* issued upon the informations,

and for his discharge for the reason " that said *capiases* were issued without authority of law and were not based upon proper cause supported by oath or affirmation, as required by law."

The verification of the informations was as follows:

" Orlando Hitt, district attorney within and for the third judicial district of the state of Colorado, county of Las Animas in said district, makes oath and says that the facts stated in the within and foregoing information are true according to his best information and belief."

Sec. 2 of the act of 1891, under which this prosecution was had, provides, *inter alia* :

" All informations shall be verified by the oath of the district attorney, or his deputy, or by the oath of some person competent to testify as a witness in the case; the verification by the district attorney or his deputy may be upon information and belief."

In sec. 8 it is provided :

" An information may be filed against any person for any offense when such person has had a preliminary examination as provided by law before a justice of the peace or other examining magistrate or officer and has been bound over to appear at the next term of the court having jurisdiction or shall have waived his right to such examination. But if a preliminary examination has not been had or when upon such examination the accused has been discharged or when in the opinion of the district attorney the affidavit or complaint upon which examination has been held is defective or when such affidavit or complaint has not been delivered to the clerk of the proper court the district attorney may upon affidavit of any person who has knowledge of the commission of an offense and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof upon being furnished with the names of the witnesses for the prosecution by leave of court first had, file an information and process shall forthwith issue thereon."

By these provisions two conditions are provided upon which an information may be filed. *First*, where there has been a preliminary examination or the same has been waived, and *second*, where the prosecution has its inception in the district court and the information furnishes the foundation for the issuance of a *capias*. In the latter case it is provided that the information shall be supported by the affidavit of some person who has knowledge of the facts and verifies them upon his own knowledge. Section 2 contemplates the verification by the district attorney in cases where a preliminary examination has been had. In the latter instance his verification upon information and belief is sufficient, since the arrest of the party charged must have been made upon warrant issued upon the requisite affidavit before the justice or examining officer, which affidavit, warrant, etc., are required to be delivered by the examining magistrate to the clerk of the court having jurisdiction of the offense.

The verification of the informations in this case therefore being sufficient, if a preliminary examination was had and the plaintiff in error held to answer in the district court, it devolved upon him in support of his motion to quash to show that such preliminary examination had not been had. It is not necessary that a recital that a preliminary examination has been had be set out in the information. *Washburn v. The People*, 10 Mich. 372. It appearing from the record in this case that no evidence of the fact as to whether the accused had had a preliminary examination or not was offered in support of the motion to quash, we think that the court properly overruled the motion.

The next objection urged in argument and relied on as a ground of reversal is the refusal of the court to grant a new trial upon the ground of alienage of one of the jurors. It is admitted that the juror J. K. Purdy was an alien, and that that fact was unknown to plaintiff in error or his counsel until after the verdict was rendered. While there is a conflict in the decisions upon the question as to whether the discovery of such disqualification after verdict constitutes *per se* a

ground for new trial, we think that the weight of authority sustains the rule that such fact does not *per se* vitiate the verdict, though it may in the discretion of the court constitute a ground for a new trial. In Thompson on Trials, vol. 1, sec. 116, it is said:

" Although there is considerable American authority, following in the wake of a leading case in Maryland, (*Shane v. Clarke*, 3 Har. and McH. 101,) in favor of the rule that the discovery that a disqualified person sat on the jury gives to the unsuccessful party the same right of new trial, as the right which he would have had to challenge the juror, if the discovery had been made before the jury were sworn, on the ground that such a person is no juror at all—a non-juror— and that the presence of a non-juror vitiates the whole panel ; yet the mass of American authority, grounded upon considerations of convenience and public policy, is opposed to this strict rule. It has been repeatedly held that a cause of challenge not discovered until after verdict, whether the case be civil or criminal—as that some of the jurors were aliens, * * * is not, *per se*, a ground of new trial, though it may be such in the *discretion* of the court. In the exercise of such a discretion, an essential inquiry will be whether the objecting party exercised reasonable *diligence* in ascertaining the qualifications of the obnoxious juror. Was he questioned on the *voir dire* as to the cause of challenge now alleged ? If not, there has been a lack of diligence on the part of the complaining party, which amounts to a *waiver* of the cause of challenge."

The numerous cases collated and cited by the learned author we think fully sustain the doctrine stated in the text. The defendant has an opportunity in the examination of the juror upon his *voir dire* to question the juror as to his disqualifications, and if he neglects to do so he ought to be held to have waived all objections to all such disqualifications as do not tend to impeach the fairness of the verdict. In the case of *Greenup v. Stoker*, 3 Gilman, 202, the court, after re-

viewing authorities pro and con upon this proposition, concludes by saying :

" Thus it will be seen, that the whole current and weight of the decisions are against the position assumed by the appellant here. From the peculiar position of our country, and the diversified national character of its inhabitants, there arises a strong, powerful, almost indispensable additional reason why his construction of the law should be rejected."

It may be that a different rule would apply in a capital case in which the defendant is held not to waive anything; but does not apply in other cases. This is the doctrine in this state as announced in *Jones v. The People*, 2 Colo. 351. Counsel for plaintiff in error attempts to distinguish this case from the one at bar upon the ground that in the *Jones Case* the fact of alienage was known to the defendant and his counsel before the juror was sworn. But we do not regard this distinction as a good one. If the defendant has the power to waive the objection he may do so impliedly by failing to avail himself of an opportunity to ascertain the disqualification of the juror on his *voir dire*, as well as by expressly waiving the objection when known. We think, therefore, that this objection came too late to be available, and the court below committed no error in refusing a new trial upon this ground.

It is further urged that the court erred in refusing to instruct the jury to acquit on the ground that there was a variance between the evidence introduced and the allegations of the information. That it appearing that plaintiff in error was a brakeman on the train over which the goods were taken, that the crime committed, if any, was embezzlement and not larceny. The plaintiff in error, in his capacity as brakeman, did not hold such a relationship to the property as would bring the offense charged within the purview of the embezzlement statute. By virtue of his employment he had no such possession or care of the property as that a taking and conversion of it by him would not constitute a

trespass. The possession was in the company, and at most, in connection with his co-employees, he had the bare custody.

" It is a clear maxim of the common law, that where one has only the bare charge or custody of the goods of another, the legal possession remains in the owner, and the party may be guilty of trespass and larceny in fraudulently converting the same to his own use. Thus, a butler may commit larceny of plate in his custody, or a shepherd of sheep. The same of a servant intrusted to sell goods in a shop. This rule appears to hold universally in the case of servants, whose possession of their master's goods by their delivery or permission is the possession of the master himself." 2 East's P. C. 564.

This claim is clearly without merit. The remaining objections are set forth in the second, third and fourth assignments of error, and in brief are : That upon the trial a trunk containing the property alleged to have been stolen, and other property, was opened and its contents exhibited in the presence of the jury ; and that the court erred .in not instructing the jury of its own motion, as to the purposes for which all goods so introduced and exhibited, and not alleged to have been stolen by defendant, were to be considered. The trunk in which these goods were found was identified as the trunk of plaintiff in error. In order to show the fact that the goods alleged to have been stolen were found in the possession of defendant, it was necessary to exhibit the trunk and its contents before the jury ; and the intermingling of these goods with other property, by the defendant himself, occasioned the exhibition of that other property as well.

The property other than that alleged to have been stolen was not produced or introduced as evidence in the case, but its exhibition was unavoidable and was a necessary concomitant of the exhibition of the goods charged, and hence the rule invoked by counsel for plaintiff in error, that obtains in some states, that when testimony of other larcenies is properly admitted for the purpose of connecting the accused

with the theft charged, the duty is devolved upon the court to instruct the jury of its own motion, as to the purpose for which such testimony is admitted, and limit it to its legitimate purpose, is not applicable. And furthermore, that rule is exceptional, and the general rule of procedure in this country is that mere non-direction by the court is not ground for a new trial unless specific instructions good in point of law are requested and refused. Thompson on Trials, sec. 2341, and cases cited.

Upon a careful examination of the record in this case, we find no error that will justify a reversal and the judgment is accordingly affirmed.

*Affirmed.*