Golonbieski vs. The State.

GOLONBIESKI, Plaintiff in error, vs. THE STATE, Defendant in error.

$\frac{101}{112}$  $\frac{333}{1494}$

*November 5 — November 22, 1898.*

*Criminal law: Amendment of information: Larceny of timber: Evidence: Instructions to jury: Amendment and repeal of statutes.*

1. Under sec. 4703, R. S. 1878, an information charging a larceny of timber from the land of the Northwestern Lumber Company may be amended by inserting in lieu of that company the name of the Sterling Lumber Company, the variance not being material to the merits.

2. In a prosecution for the larceny of timber, it was not error to charge the jury substantially in the language of sec. 4415a, S. & B. Ann. Stats., that, if the evidence satisfied their minds beyond a reasonable doubt that the defendant wilfully severed, from the soil of the lands described in the complaint, timber growing thereon, and converted the same to his own use, then they should find a verdict of guilty.

3. Ch. 170, Laws of 1881, making it larceny for any person to sever standing timber or trees from the soil of another and convert them to his own use, was not repealed by ch. 99, Laws of 1887, making it larceny for any person, by a trespass, with intent to steal, to take and carry away anything which is parcel of the realty or annexed thereto, the property of another.

4. Even if the act of 1881 had been repealed by the act of 1887 above mentioned, yet ch. 397, Laws of 1889, which purports to amend the act of 1881 so that it "shall read as follows," would necessarily have given new life to the statute so amended from the time the amendment was enacted.

5. In a prosecution for the larceny of timber from the land of the Sterling Lumber Company, alleged to be an incorporated company, it is sufficient under secs. 2829, 4621, 4675, Stats. 1898, to prove that when the offense was committed, either the actual or the constructive possession or the general or special property in the whole or any part of such land was in the person or community alleged in the information to be the owner thereof, and it was not necessary to prove that the company named was incorporated.

6. Evidence that the accused, while cutting timber on the land in question, had been informed by the owner's agent that he was trespassing and that it was the agent's duty to look after such trespasses, and that the accused subsequently cut timber on the same land,

was sufficient proof that the owner had not consented to such cutting, where on the trial the accused made no claim that there had been such consent, but contended that he did not intend to cut any timber except his own.

7. Proof of the number of trees cut by the accused, the quantity of lumber they would make, and the value of the lumber per thousand feet, was sufficient evidence of the value of the timber cut.

ERROR to review a judgment of the circuit court for Clark county: W. F. BAILEY, Circuit Judge. *Affirmed.*

For the plaintiff in error the cause was submitted on a brief by *L. M. Sturdevant.*

*John L. Erdall,* first assistant attorney general, for the defendant in error.

CASSODAY, C. J.    The plaintiff in error was convicted of the offense described in the statute which declares that "any person who shall wilfully sever from the land of another any timber or trees standing or growing thereon, and shall take and convert the same or any part thereof to his own use, shall be deemed guilty of larceny, in the same manner and of the same degree as if the property so taken and converted had been severed at some previous and different time, and shall be punished in the manner provided in section 4415 of chapter 182 of the revised statutes of 1878, for larcenies of property of the same value." Ch. 170, Laws of 1881, as amended by ch. 397, Laws of 1889, being sec. 4415*a*, S. & B. Ann. Stats.    The information charged that the plaintiff in error did on March 5, 1897, unlawfully and wilfully sever from the soil or land owned by the Sterling Lumber Company, therein described, four standing birch trees, seven standing elm trees, and fifty-seven standing basswood trees, then and there standing thereon, and all of the value of $50, the property of the said Sterling Lumber Company, a corporation organized under the laws of the state of Wisconsin, and take and convert the same to his own use, against the peace and dignity of the state of Wisconsin.

Golonbieski vs. The State.

1. Error is assigned because the original information alleged that the land belonged to the Northwestern Lumber Company, but it was amended upon the trial by striking out those words, and inserting in lieu thereof Sterling Lumber Company. The statute expressly authorized such amendment in the name of the ownership of the property, since such variance between the information and the proof was not material to the merits of the case. R. S. 1878, sec. 4703; *Baker v. State*, 88 Wis. 141, 154–156; *Jackson v. State*, 91 Wis. 261, 262. There was no error in allowing such an amendment.

2. Nor was there any error in charging the jury, substantially in the language of the statute quoted, to the effect that if the evidence satisfied their minds beyond a reasonable doubt that the defendant wilfully severed, from the soil of the lands described in the complaint, timber growing thereon, and converted the same to his own use, then they should find a verdict of guilty. *Fischer v. State, ante,* p. 23.

3. Counsel for plaintiff in error contends that ch. 170, Laws of 1881, as amended by ch. 397, Laws of 1889, being sec. 4415*a*, S. & B. Ann. Stats., was not in force when the offense charged was committed. This contention seems to be upon the ground that ch. 170, Laws of 1881, was repealed by ch. 99, Laws of 1887; and hence that ch. 397, Laws of 1889, purporting to amend ch. 170, Laws of 1881, was inoperative. There are two complete answers to such contention. One is that ch. 99, Laws of 1887, does not purport to repeal, alter, or amend ch. 170, Laws of 1881, and had no such effect, but was for another and different purpose. Another answer is that, even if it had been repealed, yet as ch. 397, Laws of 1889, purports to amend it so as to read as quoted, the same would, necessarily, have given it new life and existence from the time of such last enactment, which was several years prior to the commission of the offense in question. The same statute is now preserved in sec. 4449*a*, Stats. 1898.

4. Error is assigned on the ground that there is no proof that the Sterling Lumber Company had, in fact, been incorporated. The material fact to be proved was that the timber severed from the soil belonged to some one other than the accused. The offense was the same whether the timber was in fact owned by an individual, a partnership, or a corporation. It appears that there was, at the time of the commission of the offense, such a company in existence as the Sterling Lumber Company, doing business under that name, and that it owned the land described. The statute declares, in effect, that, in the prosecution of any offense committed upon or in any way affecting any real estate, it shall be sufficient, and shall not be deemed a variance, if it be proved on the trial that, at the time when the offense was committed, either the actual or constructive possession or the general or special property in the whole or any part of such real estate was in the person or community alleged in the information to be the owner thereof. Sec. 4621, R. S. 1878. And again the statute declares, in effect, that, in an information for an offense committed in relation to property, it shall be sufficient to state the name of any one, or the name of several joint owners, or of any officer of any joint stock company or association owning the same. R. S. 1878, sec. 4675. The objection seems to be without any substantial merit, and hence must, upon well-settled rules, be disregarded. Id.; R. S. 1878, sec. 2829.

5. It is contended that the state did not prove that the Sterling Lumber Company did not consent to the severing of the trees from the soil and converting them to the use of the accused. There is evidence by two witnesses to the effect that January 11, 1897, the accused was discovered loading timber which had been cut upon the land in question; that, when the accused professed not to know where his line was, they informed him where the boundaries of his land were, and that he was cutting timber on land which did not belong

to him; that one of them informed him that it was his business to look after trespasses committed on the land described in the information; that March 5, 1897, he discovered the accused cutting basswood bolts on the land in question, fifty rods north of his own land. The accused was sworn on his own behalf, and made no claim that the owner of the land had consented to his cutting this timber, but contended that he did not intend to cut any timber except his own.

6. The evidence tends to prove that the accused cut sixty-eight trees on the land in question,— fifty-seven basswood and the balance elm and birch; that they would make about 33,000 feet; and that the same was worth about $2 per thousand feet. The contention that there is no evidence of the value of the timber severed and converted is without foundation. The verdict was only for $10, and the evidence is sufficient to support it.

*By the Court.*— The judgment of the circuit court is affirmed.