EBENEZER W. JOHNS v. STATE OF NEBRASKA.

FILED DECEMBER 15, 1910. No. 16,738.

1. **Information: SUFFICIENCY.** An information charging the defendant with wilfully, forcibly, burglariously and feloniously breaking and entering into a slaughter-house with the intent to take, steal and carry away certain described personal property, is equivalent to charging the defendant with malice, and the absence from the information of the word "maliciously" or the appearance therein of the letters "ialiciously" is an immaterial error, in nowise prejudicial to the defendant.

2. **Criminal Law: ASSISTANT COUNSEL FOR STATE.** The county attorney, under the direction of the district court, may procure the assistance of counsel in the prosecution of a person charged with a felony, and the appearance of such counsel in the case for the

first time while the jury is being selected, but before the defendant has exercised any peremptory challenge, is not erroneous.

3. ———: INDORSEMENT OF WITNESSES ON INFORMATION. It is within the discretion of the trial court to permit the county attorney to indorse the names of additional witnesses on the information after the filing thereof and before the trial, and, if the defendant does not request a postponement of the trial, no prejudice will be presumed because of such indorsement.

4. ———: EXCLUSION OF WITNESSES: DISCRETION OF COURT. It is within the sound discretion of the trial court to permit the witnesses to remain in the court room during the trial.

5. ———: ACCUSED AS WITNESS: CROSS-EXAMINATION. If the defendant testifies in his own behalf, the county attorney may, on cross-examination, ask him whether he has been convicted of a felony, and, if the witness equivocates in his answer, the prosecutor may ask such additional questions as may be reasonably necessary to bring out the fact of that conviction.

6. ———: REMARKS OF JUDGE. The district judge, in ruling upon objections to the introduction of evidence, should refrain from expressing his opinion concerning the weight of the evidence or the credibility of the witnesses, but a remark to the effect that the counsel by cross-examination had brought out some things he · had better let alone is not so prejudicially erroneous as to justify the granting of a new trial.

7. ———: DEFENSES: INTOXICATION. In the absence of special circumstances, not appearing in the instant case, it is no defense for a defendant to prove that three hours after the offense was probably committed, and at a point 18 miles distant from the scene of the crime, he was under the influence of intoxicating liquors.

8. ———: EXCLUSION OF EVIDENCE. The proof is undisputed in this case that the defendant purchased in Germantown, where the offense for which he was being tried was committed, a quantity of intoxicating liquors, which he took to his home in Lincoln. *Held*, it was not prejudicial error to exclude proof of his declarations made before starting on that trip that he intended to purchase such liquors.

9. ———: ———. If the prosecuting witness does not testify that the defendant committed the offense charged in the information, it is not error to exclude statements made by that witness to the effect that he entertained a suspicion that some person other than the defendant committed the crime.

10. Larceny: EVIDENCE. In a prosecution for larceny, if the owner of of the property involved had custody thereof at the time the state

charges it was stolen, and testifies for the prosecution or is within the jurisdiction of the court, it is incumbent upon the state to prove by that person that he did not consent to the taking of his property; but, if that fact clearly appears from all of the testimony of the owner, a judgment of conviction will not be reversed because the witness did not in so many words testify that he did not give such consent.

11. ———: ———. The evidence examined and commented upon in the opinion, and *held* sufficient to sustain a conviction for burglary and grand larceny.

ERROR to the district court for Seward county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Landis & Schick, W. W. Towle* and *George A. Adams,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

ROOT, J.

The plaintiff in error, upon an information charging burglary and grand larceny, was convicted in the district court for Seward county, and this action is prosecuted to review the record of that conviction. The plaintiff in error will be hereinafter referred to as the defendant.

Counsel for the defendant contend that the first count in the information does not charge a criminal offense, for the reason that the letters "ialiciously" appear in the information in place of the word "maliciously." Section 48 of the criminal code, as amended in 1905, provides: "If any person shall wilfully, maliciously and forcibly break and enter," etc. The prosecutor charged that the defendant did "wilfully, ialiciously, forcibly, burglariously and feloniously, in the night season of said day, break and enter," etc. The substitution of the letter "i" for the letter "m" is evidently a clerical error. Eliminating those letters from the information, the remaining words charge in effect that the act was done maliciously within the meaning of the criminal law. *Whitman v. State,* 17 Neb.

224. The defect does not tend to prejudice the substantial rights of the defendant and will be ignored. Criminal code, sec. 412.

The defendant excepts to the appointment of Honorable J. J. Thomas to assist the county attorney, and emphasis is laid upon the alleged fact that the appointment was not made until after the state had passed for cause twelve jurors. Section 20, ch. 7, Comp. St. 1909, authorizes the county attorney under the direction of the district court to procure the assistance of counsel in the prosecution of a person charged with committing a felony. Such an assistant is not required to take an oath or to give a bond. *Bush v. State,* 62 Neb. 128. From an inspection of the transcript it appears that the appointment was made before the jury were called; but, from an objection recorded in the bill of exceptions, it appears the state had passed for cause twelve jurors when the order was made. In either event the defendant's counsel had an opportunity to examine all of the jurors touching their acquaintance or affiliation with the assistant counsel. The statute, *supra,* does not provide that an assistant prosecutor shall not be appointed before the cause is set for trial, and there is nothing in the record or argument to suggest that the defendant was in any manner prejudiced by the appearance of Judge Thomas subsequent to the time the cause was called for trial, and the assignment is not well taken.

The district court, over the defendant's objections, permitted the witnesses to remain in the court room during the trial. This subject is committed to the sound discretion of the trial court. We find nothing in the record to indicate that discretion was abused, although we think the better course would have been to separate the witnesses. *Binfield v. State,* 15 Neb. 484; *Murphey v. State,* 43 Neb. 34; *Halbert v. Rosenbalm,* 49 Neb. 498; *Chicago, B. & Q. R. Co. v. Kellogg,* 54 Neb. 138. The court did not abuse its discretion in permitting the county attorney to add the names of six witnesses to the information two

days before the defendant was tried; he made no motion for a continuance, and there is nothing in the record to create so much as a suspicion that he was thereby surprised or prevented from making his defense. *Barney v. State,* 49 Neb. 515.

The defendant complains because he was asked on cross-examination whether he had not been twice convicted of a felony. The witness admitted he had been convicted once, but evaded the question with respect to the second conviction, and finally said the second time he pleaded guilty. It then became necessary for the state to show that a judgment had been entered on that plea, else the prosecutor could not lawfully ask the jury to consider the defendant's testimony in the light of the fact that he had twice been convicted of a felony. *Marion v. State,* 16 Neb. 349, 360. But nine questions were asked upon this subject, and seven of them were made necessary by the defendant's equivocation. We find nothing in the record to indicate a departure from a correct rule of practice with respect to these questions.

Error is predicated upon the following remark made by the trial judge at the time he sustained an objection to a cross-interrogatory: "I guess we had better sustain that. You have found some things about the box which you had better let alone." The statement was probably caused by the fact that a persistent cross-examination had strenghtened the state's testimony, and can as well be attributed to a desire to protect the defendant, as to an improper purpose. The remark should not have been made, but it was not addressed to the jury, did not disparage the testimony of any witness, and should not, we think, be held so prejudicially erroneous as to justify us in holding the defendant was not accorded an impartial trial. The other remark referred to was of so trifling a character that we shall make no further reference thereto.

The defendant excepts because the court excluded proof that Johns was intoxicated about midnight of the day the crime is alleged to have been committed. Proof of

that fact would not tend to prove that the defendant did not three hours earlier commit that crime, and the evidence was properly excluded.

The defendant excepts to the court's refusal to permit his neighbors to testify to his declaration to the effect that he was going to Germantown the night of the burglary to purchase intoxicating liquors. Whenever the intention with which an act is performed is of itself a distinct and material fact in a chain of circumstances, it may be proved by contemporaneous oral or written declarations of the party. In the case at bar it is established by uncontradicted testimony that the defendant did drive from Lincoln to Germantown and there purchase intoxicating liquor, some of which he consumed and the remainder was brought back by him to Lincoln. The fact that he intended to purchase liquor in Germantown would explain his presence in that village, and while the court might with propriety have admitted the evidence, we think the facts developed by the uncontradicted testimony gave him the benefit of all the advantage he was entitled to receive from a consideration of his declared intentions.

The court also excluded testimony offered to prove that the prosecuting witness had expressed an opinion that some one other than the defendant had stolen the hides referred to in the information. The evidence connecting defendant with the commission of the offense was all circumstantial, and the witness' opinion concerning the identity of the guilty party was neither relevant nor competent, and was rightfully excluded.

The defendant's counsel finally urge that the evidence is insufficient to sustain the judgment, and especially contend that there is no proof of the owner's nonconsent to the taking of his property. The evidence is undisputed that the hides were in the prosecuting witness' slaughterhouse during the afternoon of April 26, and that he closed and fastened the doors of the structure late in the evening of that day. Early the following morning the owner. Mr. Mitchell, discovered that one of these doors had been

forced open, and the hides were missing. An occasion particle of rock salt, such as the butcher used to cure the hides, was found along a line running from this door t the adjacent road. At this point the foot prints of horses and the impression made by small well-worn wagon tires indicated that a team hitched to an old wagon had been tied to the fence dividing the slaughter-house yard from the road. Identical foot prints and tire marks were found at a point about four blocks distant, where the defendant's team stood hitched after dark the evening of the 27th. Thereupon Mr. Mitchell, in company with the sheriff of Seward county, came to the defendant's house in Lincoln where they discovered the stains of bloody brine in the bottom of the wagon-box and brine stains upon the reach of the wagon used by the defendant the preceding evening. Small pieces of rock salt, similar to the salt used by Mitchell upon the missing hides, were also found in the wagon-box. Mitchell testified that from the appearance of the wagon-bed he was able to say that hides had been recently transported therein. There were also brine stains upon the defendant's shoes. Subsequent to the defendant's arrest, in answer to a question as to whether the hides had been found, he said: "No, they haven't found them; and they may have (or will have) a hell of a time to find them." The defendant sought to explain the incriminating circumstances, but it was for the jury to say under all of the circumstances whether they should believe him or the state's witnesses. The instructions were fair to the defendant in every particular, and we cannot say a finding of guilty under the circumstances detailed is not supported by the evidence.

With respect to the proof of the owner's nonconsent, it appears, in addition to what has been said, that the owner caused the defendant's premises to be searched for, but did not find, the hides. In *Bubster v. State,* 33 Neb. 663, it was said that the owner of the property alleged to have been stolen was apparently within reach of the court's process, but was not called to testify to his

nonconsent; that there was no proof from which that fact could be logically deduced, and the proof was insufficient. In *Perry v. State*, 44 Neb. 414, we held that, in prosecutions for larceny, if the owner of the property alleged to have been stolen is a witness for the state, it must appear from his testimony that he did not consent to its taking. In that case the state proved by the witness that his horses disappeared from the place where he had tied them, and five weeks thereafter were found in the defendant's possession. The owner was not asked whether he consented that his horses should be taken, nor was there any evidence from which that fact could be legitimately established.

In *Rema v. State*, 52 Neb. 375, the rule announced in *Perry v. State, supra,* is cited with approval, and a judgment of conviction was affirmed. Judge NORVAL, who wrote the opinion in *Perry v. State, supra,* said in *Rema v. State, supra:* "If we are able to comprehend the effect and force of the testimony, the answer must be that there was an entire lack of consent, although no witness in express terms so stated at the trial." It is therefore evident that this court is not committed to the doctrine that the owner, if a witness, must say in so many words that he did not consent to the taking of his property, but that the correct rule is that the nonconsent should clearly and unequivocally appear from a consideration of all of the owner's evidence. This principle is recognized quite generally by text-writers and the courts, and receives our approval. Rapalje, Larceny and Kindred Offenses, sec. 135; Underhill, Criminal Evidence (2d ed.) sec. 294; 25 Cyc. 113; *Kemp v. State*, 89 Ala. 52; *George v. United States,* 1 Okla. Cr. Rep. 307, 97 Pac. 1052.

That Mitchell did not consent to the taking of his property is clearly shown by his testimony. It satisfactorily appears from an inspection of the entire record that the defendant has had a fair trial.

The judgment of the district court, therefore, is

AFFIRMED.