## No. 9158.

### DENNISON, ALIAS HOGAN *v.* THE PEOPLE.

1. CRIMINAL LAW—*Error—Examination of the Evidence.* Where there is evidence to support a conviction the court of review will not consider its weight.

2. ——— *Cross-Examination of Accused as to a Former Conviction.* The accused testifying in his own behalf, may, on cross-examination be asked in the language of the statutes, if he has been convicted of a "crime."'

Accused failing to give a direct answer may be further cross-examined, in the discretion of the court.

The jury should be charged that the fact of his conviction goes only to his credibility.

*Error to Pueblo District Court, Hon. C. S. Essex, Judge. Department.*

Mr. D. M. CAMPBELL, Mr. S. D. BROSIUS, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. IRVING VAN BRADT, Mr. CHARLES ROACH, Miss CLARA RUTH MOZZOR, Assistant Attorneys-General, for The People.

Opinion by Mr. Justice Teller.

The plaintiff in error was convicted of burglary, and brings error.

It is urged, first, that the evidence does not sustain the verdict of guilty, and in support of that contention counsel point out that the principal witness, who identified the defendant as the person he had seen running into the building where the stolen articles were found, had, according to one of defendant's witnesses, admitted on the preliminary hearing that he could not identify him. This evidence, if accepted by the jury as true, of course, went to the jury as bearing upon the credibility of the State's witness, and we cannot say that the jury was wrong in its determination on that question. There being evidence to support the verdict, we cannot consider the question of its weight.

It is further contended that the court erred in permitting the district attorney, on the cross-examination of de-

fendant, "to go farther in impeachment of the defendant than to inquire of him if he had not been convicted of a felony." The statute provides that "the conviction of any person for any crime may be shown for the purpose of affecting the credibility of such witness." Sec. 7266, R. S. 1908. Counsel object to the question upon the ground that the offense of which defendant had been convicted was a mere misdemeanor, and, therefore, not within the statute, but the record fails to show the grade of the offense.

Defendant was asked, in the very language of the statute, whether he had been convicted of a *crime.* The objection to it was properly overruled.

Nor was there error in permitting the State to cross-examine defendant as to his prior conviction, when he failed to give a direct answer to the question above mentioned. His equivocation made it proper to ask additional questions to bring out the fact of his conviction. *Johns v. State,* 88 Neb. 146, 129 N. W. 247.

"The inquiry is not confined to the mere fact of conviction of some crime, but the nature or name of the particular crime of which the witness was convicted may be brought out." 40 Cyc. 2610.

In *Le Master v. People,* 54 Colo. 416, 131 Pac. 269, this court said that the extent to which cross-examination in such cases may go is largely within the discretion of the court, and mentioned without criticism, the fact that the history of the witness, his sojourn in jail, etc., had been gone into fully as a basis for the jury's judgment on his credibility.

Of course, the jury should be instructed that such evidence is admitted only for the purpose above stated, and in the absence of objection on that point it must be assumed the court did its duty in that respect.

None of the other assigned errors is argued, and they therefore call for no consideration.

Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*

Chief Justice Hill and Mr. Justice White concur.