## STATE v. PARRY.

[No. 2395.   Dec. 31, 1920.]

### SYLLABUS BY THE COURT.

1. The power to regulate the order of precedence in the trial of cases rests in the discretion of the trial court, and the defendant, in the absence of a showing of diligence, cannot complain of the taking up for trial of the last of three cases set for trial on the same day instead of one of the other two cases.                                                                   P. 471

2. In the absence of a showing of diligence on the part of the defendant, he cannot complain of the refusal of the court to delay a trial from 9 o'clock a. m. to 2 o'clock p. m., of the same day, to enable the defendant to obtain the attendance

State v. Parry, 26 N. M. 470.

of witnesses.                                        P. 472

3. Nonconsent of the owner to the killing of an animal is as essential under section 1613, Code 1915, as it is to the taking, stealing and carrying away in larceny at common law.
                                                     P. 473

4. The nonconsent of the owner to the larceny or killing of an animal may in all cases be shown by circumstantial evidence, and there is no rule of law requiring the owner's direct evidence to such nonconsent.   .                    P. 474

Appeal from District Court, Luna County; Ryan, Judge.

Emil Parry was convicted of unlawfully killing neat cattle belonging to another, and he appeals. Affirmed.

FRED SHERMAN, of Deming, for appellant.

O. O. ASKREN, Atty. Gen., and N. D. MEYER, Asst. Atty. Gen.

OPINION OF THE COURT.

PARKER, C. J. The appellant, Emil Parry, was indicted under section 1613, Code 1915, for the crime of unlawfully and knowingly killing one head of neat cattle, the property of another, and was convicted and sentenced to a term in the penitentiary, from which judgment this appeal is taken.

There was pending at that time two other cases in which the appellant was jointly indicted with others for the larceny of neat cattle. All three of these cases were set at the same time for trial on the same day. They were numbered respectively 896, 897, and 898; the last numbered case being the case at bar.

[1] At 9 o'clock a. m. on the day of trial, May 6, 1919, the trial court called the case at bar for trial. Counsel for appellant objected on various grounds, to the effect that cases 896 and 897 preceded the case at bar on the trial docket of the court; that he was prepared to try either of the first two cases; that he anticipated that said two cases, or one of them, would be first tried because of their positions on the trial docket; that he was unprepared for trial in the case at bar, for the reason that four witnesses to the proof of an alibi for

appellant were absent, and that under the circumstances he should not be forced into the trial of the case at bar. The application for a continuance was overruled, and appellant assigns error upon the ruling.

There is no statutory provision in this jurisdiction controlling the discretion of the court in determining the order of trial of criminal cases, or giving to the defendant the right to any particular order of precedence in any case. In the case at bar the appellant had notice of the setting of the case for trial, and it was his duty to be prepared for the same. He merely speculated upon what the action of the court might he as to the order of trial of the three cases. He indulged in an unwarranted assumption that the court would consider himself bound to take up the earliest numbered case, rather than the latest numbered case. His excuse offered to the district court is merely an assumption as to what course the court would take. Under this state of facts the appellant is entitled to no relief in this court.

[2] After the motion for a continuance had been overruled by the court, the appellant, through his counsel, made application to the court for a recess until 2 o'clock in the afternoon of May 6, 1919, the day of the trial, in order that he might obtain the presence of the said four witnesses. These witnesses, it is said in appellant's brief, were at the time only 35 miles from the courthouse, and the assumption is made that the witnesses could have been procured by 2 o'clock of that day had the court granted the request. The witnesses were not present, and did not testify at the trial.

It seems, however, notwithstanding the apparent rather harsh treatment which the defendant received at the hand of the court, that he is himself alone to blame for the absence of the witnesses. The record fails to disclose that any effort whatever was made by the appellant to procure the attendance of the witnesses even after he was advised that the court would not postpone the trial. If the witnesses, as stated by the counsel in his brief were only 35 miles from the courthouse in Luna

County, their presence could have been obtained by means of a messenger and an automobile by noon of the day of trial. If it was important and vital to the appellant that these witnesses testify in his behalf, he could have had them at the courthouse in time to testify before the case was closed. The record does not disclose what hour of the day the trial closed, but it is a matter of common knowledge that the appellant with no more than ordinary diligence could still have obtained the witnesses in time to testify, even after the court had refused the adjournment, had he elected so to do. Under such circumstances appellant is not in a position to complain of the action of the court.

[3] At the close of the state's case in chief, the appellant moved for a directed verdict on the ground of lack of proof as to the nonconsent of the owner of the animal to its killing by appellant.

There was no direct evidence by the prosecution that the animal was killed without the owner's consent. The owner was present at the trial, and was properly circumstanced to testify on the subject, but he was not put on the stand. The fact of nonconsent was left to inference from the facts shown. Such inference was justifiable, the proofs showing the killing of a cow, running loose upon the range, by means of shooting her. The statute (section 1613, Code 1915) under which appellant was convicted is as follows:

"Any person who shall steal, embezzle or knowingly kill, sell, drive, lead or ride away, or in any manner deprive the owner of the immediate possession of any neat cattle, horse, mule, sheep, goat, swine, or ass; or any person who shall steal, embezzle, or knowingly kill, sell, drive, lead or ride away, or in any manner apply to his own use any neat cattle, horse, mule, goat, sheep, ass, or swine, the owner of which is unknown; or any person who shall knowingly purchase from any one not having the lawful right to sell and dispose of the same, any neat cattle, horse, mule, sheep, swine, or ass, shall be deemed guilty of a felony, and on conviction thereof in any court of competent jurisdiction, shall be punished by imprisonment not less than one year nor more than five years, and by a fine not less than five hundred dollars, nor more than five thousand dollars, at the discretion of the court."

It appears that nonconsent of the owner to the killing of an animal is not, in terms, required by the statute. The offense, by the terms of the statute, consists in knowingly killing the animal of another. There is, however, a necessary implication that the killing must be done without the owner's consent, because otherwise the act would be entirely lawful. The lack of consent is what renders the act unlawful under the statute. In this respect the offense is identical with larceny at common law.

[4] At common law the consent of the owner to the taking was a matter of defense, and nonconsent need neither be pleaded nor proved. 3 Bish. New Crim. Pro. (2d Ed.) § 752A. This was necessarily so because the words "take, steal and carry away," which characterized larceny, necessarily imply a taking without the consent of the owner. In showing the taking, stealing, and carrying away, evidence was always forthcoming to establish, at least circumstantially, the nonconsent of the owner. But a showing of nonconsent of the owner has always been necessary in order to convict of larceny, because otherwise no larceny would be established.

There is much diversity of opinion as to the kind of evidence necessary to establish the nonconsent of the owner in larceny. In an English case (Rex v. Rogers [1811] 2 Camp. 654) it was held, in a prosecution for coursing a deer without the consent of the owner, that it was necessary to call the owner to negative consent. This case, although it was afterwards entirely repudiated in England (1826, Rex v. Hazy, 2 C. & P. 458; 1826, Rex v. Allen, 1 Moody, Cr. C. 154; 1856, Reg. v. Wood, Dears. & B. 1), became the foundation for the doctrine put out by text-writers and a few courts, to the effect that circumstantial evidence as to nonconsent of the owner may be resorted to or relied upon only when the direct evidence of the owner is not obtainable (Phillips on Ev. [4th Ed.] *635, and note; State v. Osborne, 28 Iowa, 9; Bubster v. State, 33 Neb. 663, 50 N. W. 953; State v. Morey, 2 Wis. 495, 60 Am. Dec. 439; State v.

Moon, 41 Wis. 684). Mr. Wigmore criticizes the doctrine, and points out that the rule of preference has no proper application in such cases; 2 Wig. Ev. § 1339; 3 Wig. Ev. § 2089. Mr. Bishop makes note of the above cases, but states that the better doctrine accepts as adequate in law circumstantial evidence and the testimony of witnesses other than the owner or possessor, citing many of the more recent cases. 3 Bish. New Crim. Pro. (2d Ed.) § 752A.

It is to be noted that most of the states which adopted the fallacious doctrine in their earlier cases have abandoned the same. Thus in Wisconsin it is now held that nonconsent of the owner may be shown by circumstantial evidence, even where the owner is present and testifies in the case, but does not testify directly to his lack of consent. Fowle v. State, 47 Wis. 545, 2 N. W. 1133; Golonbieski v. State, 101 Wis. 333, 77 N. W. 189. So in Nebraska, Nixon v. State, 89 Neb. 109, 130 N. W. 1049; Johns v. State, 88 Neb. 145, 129 N. W. 247. In many of the states the same doctrine is announced. State v. Bjelkstorn, 20 S. D. 1, 104 N. W. 481; State v. Faulk, 22 S. D. 183, 161 N. W. 72; State v. Wong Quong, 27 Wash. 93, 67 Pac. 355; State v. Donaldson, 35 Utah 96, 99 Pac. 447, 20 L. R. A. (N. S.) 1164, 136 Am. St. Rep. 1041; State v. Reese, 44 Utah 256, 140 Pac. 126; Filson v. Terr., 11 Okl. 351, 67 Pac. 473; Jackson v. State, 10 Okl. Cr. 525, 139 Pac. 324; State v. Platts, 31 Idaho, 19, 168 Pac. 1143; McAdams v. State, 23 Wyo. 294, 149 550; Carroll v. People, 136 Ill. 456, 27 N. E. 18.

The Texas cases, upon which appellant principally relies, are in much confusion, and it is difficult to determine just what the present state of decisions is in that state. The rule requiring the owner's direct testimony to nonconsent seems first to have been ignored, and then intermittently applied. Then the rule was denied. McMahon v. State, 1 Tex. App. 102. Then the rule was applied. Erskine v. State, 1 Tex. App. 405; Jackson v. State, 7 Tex. App. 363; Wisdom v. State, 42 Tex. Cr. R. 579, 61 S. W. 926. In Spiars v. State (Tex. Cr. App.)

69 S. W. 553, it is held that the direct evidence of the owner is required where obtainable. The Texas doctrine may be said to be at present that direct evidence where obtainable must be produced. Nixon v. State (Tex. Cr. App.) 93 S. W. 555; Lynch v. State, 70 Tex. Cr. R. 449, 156 S. W. 1182; Gomez v. State (Tex. Cr. App.) 206 S. W. 86.

We have no cases in this jurisdiction in which the question has been discussed upon principle and authority, although in one case it is inferentially assumed that nonconsent may be established circumstantially. Territory v. Valles, 15 N. M. 228, 103 Pac. 984. We have no case in which there is even an intimation that there is any rule of evidence requiring direct testimony of the owner, or that the rule of preference above mentioned has any place here. We see no reason to adopt such a rule. The weight of modern opinion seems to be against it, and it is unscientific and unsound. As an administrative rule it has nothing to commend it, for as between the state and the defendant the presumption of innocence always stands as a sufficient protection to the defendant against an unjust conviction.

We therefore hold that direct evidence of nonconsent of the owner in larceny is never required as a matter of law, and such nonconsent may always be established by the facts and circumstances shown in evidence.

Appellant argues thet there was no sufficient evidence of ownership of the animal killed. The argument is based upon an erroneous assumption that there was no evidence in the case showing that the animal was branded with the recorded brand of the owner. In this he is mistaken, for the record shows direct testimony that the recorded brand was the brand upon the animal killed.

For the reasons stated, we find no error in the record, and the judgment should be affirmed; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.