## No. 14,823.

### AUSTIN *v.* THE PEOPLE.
(107 P. [2d] 798)

Decided October 7, 1940.   Rehearing denied November 12, 1940.

Mr. CHARLES E. HOLCOMB, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. GERALD E. MCAULIFFE, Assistant, for the people.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Plaintiff in error, Austin, to whom we will hereinafter refer as defendant, was convicted of inflicting a bodily injury upon one Cecil M. Norfleet by negligently and carelessly operating and driving a motor vehicle while under the influence of intoxicating liquor, and sentenced to the penitentiary for a term of not less than two nor more than three years. Reversal is sought on a writ of error.

According to the record the accident occurred about 8:30 o'clock p.m., November 12, 1939, on the Brighton road, north of Denver near a tavern known as Curve Inn. Defendant and his wife, came out of the tavern, got in their car and drove east, apparently into the main highway where a three-car crash occurred, resulting in the injuries of which complaint is made. Defendant afterwards admitted to one of the officers that he must have been drunk "to get in this jamb."

. Counsel for defendant argue three propositions as grounds for reversal. 1. One of the jurors was mentally incompetent, and, therefore, defendant is entitled to a new trial. 2. The state failed to introduce evidence to sustain the allegation that defendant specifically caused an injury to one Cecil M. Norfleet. 3. Improper cross-examination.

1. It is true that one of the jurors had been adjudged a mental incompetent by the county court of Adams county, September 15, 1938, but instead of being sent to the asylum he was released to the custody of his wife and no conservator ever was appointed. At the time defendant was arraigned, December 19, 1939, he was furnished with a list of the jurors in which the name of the alleged incompetent juror appeared. No question of his incompetency was raised on the voir dire examination January 8, 1940. At the hearing on the motion for a new trial the questioned juror was present, and the district attorney offered to prove his compe-

tency, but the judge thought it unnecessary and denied the motion. There was no error in this. There is no presumption of mental incompetency in this kind of case, and there was no violation of the statute, section 1, chapter 95, '35 C.S.A., C.L. §5830. *State v. Welty*, 65 Wash. 244, 257, 118 Pac. 9, 16; *People v. Buchanan*, 145 N.Y. 1, 39 N.E. 846 (application to the United States Supreme Court for a writ of error was denied. *In re Buchanan*, 158 U.S. 31, 15 Sup. Ct. 723, 39 L. Ed. 884). In *Brown v. People*, 20 Colo. 161, 36 Pac. 1040, we held that objection to a juror on the ground of alienage was waived by failure to examine him as to that point on his voir dire. We see no difference in principle between that situation and that in the case at bar.

■ 2. The argument of defendant's counsel on the second proposition is, that "the only record of Cecil M. Norfleet being injured, upon which the jury had to determine this fact, was a remark of the district attorney Harry Behm in his summation to the jury where Mr. Behm stated that Cecil M. Norfleet was the wife of Porter Norfleet. This statement was made over the objection of the defendant and was * * * clearly prejudicial to the rights of the defendant." In other words, it is the contention that the name of the person injured was "not proved as laid," and, therefore, that there was a fatal variance. We do not find from the record that Cecil M. Norfleet was specifically named as the person injured, but she is described as Mrs. Norfleet by one of the highway patrolmen, and Mr. Norfleet testified that his wife was with him, and described in detail how she was injured. He stated that she still was in the hospital being treated for her injuries at the time of the trial, and testified that immediately after the crash his wife, before being removed from the car, stated to him that her leg was broken. The failure to mention Cecil M. Norfleet, by name was clearly an immaterial oversight and in no way affected the merits of the case. There certainly was no question as to her being injured, nor

of her identity as being the wife of Porter Norfleet who testified in detail about the whole matter.

■ 3. The testimony to which counsel for the defendant objected was that given on cross-examination by defendant's wife when recalled by the people for further cross-examination, to the effect that defendant had been hospitalized in January, 1939, for alcoholism. This was mere surplusage, adduced to rebut her statement that her husband was not a drunkard. It was wholly immaterial and without prejudice to defendant, because his intoxication at the time of the accident was established beyond question.

From our study of the record we think defendant had a fair trial. Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.