## No. 25124

### The People of the State of Colorado v. Cliff Alvin Lewis
(506 P.2d 125)

Decided February 13, 1973. Rehearing denied February 26, 1973.

424

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Roger D. Borland, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant, Cliff Alvin Lewis, was convicted of breaking and entering a store in Steamboat Springs, Colorado, with intent to commit the crime of theft, in violation of 1967 Perm. Supp., C.R.S. 1963, 40-3-5. Defendant maintains that his conviction requires reversal on several grounds: (1) the prosecutor's cross-examination of two of defendant's five alibi witnesses was improper; (2) one of the jurors who convicted the defendant served in violation of C.R.S. 1963, 78-1-1; (3) the theft statute, 1967 Perm. Supp., C.R.S. 1963, 40-5-2 is unconstitutionally vague; (4) the trial court erred in allowing the prosecution to call two witnesses in rebuttal whose testimony properly belonged to the People's case in chief; (5) the evidence was insufficient to convict the defendant of burglary; and (6) admitting People's Exhibit A

into evidence was unduly prejudicial to defendant. We do not agree, and affirm the judgment of the district court.

## I.

The defense was alibi and the defendant testified that he was in Denver when the burglary was committed. To corroborate this alibi he called five witnesses to testify in his behalf. Each of them placed him in Denver at the time of the alleged burglary. The defense then rested. The district attorney thereupon recalled two of the alibi witnesses for further cross-examination. The defendant objected on the ground that the prosecutor had had his opportunity to cross-examine earlier. The court overruled the objection and permitted the cross-examination. The district attorney then inquired of one of the witnesses whether he had been convicted of aggravated robbery and carrying a concealed weapon. The witness replied in the negative. The district attorney did not attempt to impeach this answer.

With reference to the second recalled witness, the district attorney asked if he had been convicted of the crime of rape. The witness replied that he had been arrested for the crime but that the charges had been dropped. Thereupon, the court instructed the jury to disregard the question and not to consider it in any of their deliberations.

 Defendant's objection in the trial court to the recall of the two witnesses was to permitting further cross-examination after the defense had rested its case. This was a matter pertaining to the order of proof and was therefore within the sound discretion of the trial judge. On the record here we find no abuse of that discretion.

During oral argument, counsel pointed out that although there was no objection other than as to order of proof, we should now reverse because the witness stated that he had not been convicted of a felony and the prosecutor did not then attempt to prove that this denial was untrue. Defendant contends that this is fundamental error and should be noticed by us even though not properly objected to. We do not agree under the circumstances of this case.

 Although a prosecutor may, in cross-examination,

ask a witness if he has been convicted of a felony, *Hawkins v. People,* 161 Colo. 556, 423 P.2d 581, *Dennison v. People,* 65 Colo. 15, 174 P. 595, nevertheless, he must ask the question in good faith. *Richardson v. United States,* 150 F.2d 58 (6th Cir.); *People v. Perez,* 58 Cal.2d 229, 373 P.2d 617, 23 Cal Rptr. 569; *State v. Van Winkle,* 106 Ariz. 481, 478 P.2d 105. *See also American Bar Assn. Standards on the Prosecution Function and the Defense Function* § 5.7(d). When prosecutors are about to impeach witnesses by reason of former felonies, they should advise the judge on what background they will propound the question. The judge must then determine, within his discretion, whether good faith is present. We learn from the record here that there was indeed a conference at the bench before the questions were asked, but we are not advised as to the content of that conference. We cannot presume bad faith on the prosecutor's part on the basis of the record here.

Pertaining to the questions propounded to the other witness, not only is there not a showing of lack of good faith but, in that instance, upon defendant's objection, the trial court specifically struck the questions and answers and advised the jury not to consider them for any purpose. Moreover, we note that there were three other witnesses who testified to the same facts as did the two witnesses in question. No questions concerning prior felonies were asked of them; but it is obvious from the jury's verdict that it did not believe their testimony as, in like fashion, it had not believed the testimony of the other two witnesses in question. Under these circumstances, we cannot say that the impeachment questions in issue here constituted material prejudice.

## II.

Defendant argues that the trial court erred in not granting a new trial on the basis of newly discovered evidence, namely, that one of the jurors had previously been convicted of a felony and was, therefore, incompetent to serve in that capacity, citing C.R.S. 1963, 78-1-1.

The tests for competency set forth in C.R.S. 1963,

78-1-1 operate as a basis for challenging a juror for cause, *Bustamante v. People,* 133 Colo. 497, 297 P.2d 538. They are, however, waived if counsel does not use reasonable diligence in voir dire to discover by proper questioning whether the basis for challenge for cause is present. *Austin v. People,* 106 Colo. 506, 107 P.2d 798, and *Brown v. People,* 20 Colo. 161, 164, 36 P. 1040. Counsel did not on voir dire ask any questions dealing with the previous criminal record of jurors. Moreover, in this case, the record indicates that the defendant possessed information of the juror's felony record before the jury rendered its verdict, yet he gambled on the outcome by waiting until after the guilty verdict had been rendered before moving for a new trial. We hold that defendant's conduct here waived his objections to the competency of the juror and we find no error in the trial court's ruling on this point.

## III.

Defendant also argues that 1967 Perm. Supp., C.R.S. 1963, 40-5-2, is unconstitutionally vague, primarily the phrase "obtains or exerts unauthorized control . . ." We have previously considered this argument, and concluded this statute does not suffer from that defect. *Howe v. People,* 178 Colo. 248, 496 P.2d 1040.

## IV.

Next, defendant claims the trial court erred in allowing two of the People's rebuttal witnesses to testify to matters supporting the People's case in chief.

The law in Colorado is otherwise. A party may introduce any competent evidence to explain, refute, counteract, or disprove the proof of the other party. This is so even if the evidence also tends to support the party's case in chief. *Moore v. People,* 171 Colo. 338, 467 P.2d 50, 53, and *Taylor v. Mazzola,* 150 Colo. 553, 375 P.2d 96.

## V.

Defendant argues the evidence was insufficient to sustain a conviction. However, the prosecution's chief witness identified defendant as his accomplice in the burglary. It is fundamental that the credibility of witnesses is for the jury,

which may accept or reject all or any part of a witness' testimony. *Maisel v. People*, 166 Colo. 161, 442 P.2d 399. Certainly, if believed, this eye-witness account of defendant's activity is sufficient to support the verdict of the jury.

We have considered defendant's other argument as to the admissibility of People's Exhibit A, and do not consider it meritorious.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.